THE NEW ORLEANS GAS LIGHT and BANKING COMPANY- *v.* JOHN B. ALLEN.

Where the purchaser at a Sheriff's sale, shows a judgment, execution, and sale, the presumption *omnia recte acta,* will arise in his favor. It is for the opponent, who seeks to annul the sale, to destroy this presumption, by proof of such irregularities as must vitiate the proceedings.

The purchasers of property subject to a mortgage with the *pact de non alienando,* are not entitled to notice of an order of seizure and sale. The property is liable to be sold as if still in possession of the original mortgagor.

The statement in the return of a Sheriff on an order of seizure and sale, is *prima facie* evidence of the advertisements and appraisements required by law.

APPEAL from the District Court of the First District, *Buchanan, J.*

*G. Strawbridge*, for the plaintiffs.

*Josephs, curator ad hoc*, for the defendant.

*Schmidt*, for the opponent.

BULLARD, J. Leech having purchased at Sheriff's sale a city lot, sold under an order of seizure issued upon a mortgage given by Allen to Hodge, and by the latter transferred to the Gas Light and Banking Company, (which act of mortgage contained the *pact de non alienando*,) Justamond, who had purchased the property of Allen subject to the *pact*, opposed the homologation of the Sheriff's sale at the hearing of the monition, on the following grounds :

1st. Because Allen, the original mortgagor, was neither legally cited nor represented.

2d. Because no notice of the seizure was given either to the opponent, or to Florance & Co., although the bank well knew that he and Florance & Co. had purchased the property.

3d. Because the seizure and sale were not made, and not advertised according to law.

4th. Because the property was not legally and properly appraised before the sale.

5th. That the whole proceedings were illegal, because they authorized and caused the whole property to be sold for cash, when it should have ordered the sale to be made for a sum sufficient in cash, to satisfy the claim of the Gas Bank, and the balance on such terms of credit as might suit the owner of the property.

6th. Because the rights and interests of the opponent have been sacrificed, without affording him an opportunity of being heard, or of defending himself.

These several grounds of opposition were overruled, the sale homologated, and the opponent has appealed.

The Sheriff's sale being admitted to have been made in pursuance of the order of seizure and sale contained in the record, the purchaser must be held to have acquired a good title, unless the opponent shows the absence of some essential forms. The burden of proof is upon him. The purchaser having exhibited a judgment, execution, and sale, the presumption arises *in his favor, omnia recte acta.* It is for the opponent seeking to annul

the sale, to destroy this presumption by proof of such irregularities as would vitiate the procedings. 8 La. 321.

I. The first objection appears to us not sustained. Allen, it is shown by the record, was represented as an absentee by counsel appointed for that purpose. It is not shown that he was present, and we must presume that the court acted upon proper grounds.

II. The second ground is untenable. The purchase by Justamond and Florance & Co., having been made subject to the *pact de non alienando*, they were not entitled to any notice. The property was liable to be sold as if still in possession of Allen, the original mortgagor.

III. The Sheriff's return on the order of seizure and sale shows that the seizure was made in May, and that, after due advertisements and appraisements, the property was sold on the fifth of September following. The parties appear to have been satisfied with this return of the Sheriff, which is *prima facie* evidence of legal notices having been given.

IV. The same remark applies to the want of an appraisement.

V. It is a sufficient answer to the fifth ground of opposition, that the whole property was liable to be seized and sold, inasmuch as the whole was mortgaged; and, even admitting the right of the defendant in the hypothecary proceeding to sell only so much as might be necessary to raise the sum due, or to sell for a balance on terms of credit, yet such right was not insisted on in the present case, and the opponent has no just reason to complain.

VI. The opponent cannot complain that he had no opportunity to defend his interests and rights. He had identified himself with the mortgagor by purchasing subject to the *pact*, and he suffered the property while in his possession, to be seized and sold, without any effort to protect his alleged rights.

*Judgment affirmed.*