## WM. GUESNARD *v.* B. & A. SOULIE.

The effect of the pact *de non alienando*, so far as the party in whose favor it operates is concerned, is, that in contemplation of law, the property remains in the possession of the original debtor, notwithstanding it may have been alienated by him; and those who purchase it, or acquire real rights on it, are presumed to know the titles and incumbrances under which they hold.

The mortgagee, in such a case, has a right to proceed by the *via executiva*, after the alienation, as if the property still belonged to the mortgagor.

APPEAL from the First District Court of New Orleans, *Larue*, J. *Maurian*, for plaintiff. *Eyma* and *Seghers*, for defendants and appellants.

ROST, J. At a Sheriff's sale made under an order of seizure issued upon a mortgage duly recorded and containing the pact *de non alienando*, the plaintiff became the purchaser of a house and lot, and was required on the spot to pay into the Sheriff's hands the entire amount of his bid.

The certificate of mortgages showing no other conventional mortgage existing on the property, the Sheriff paid the claim of the seizing creditor and the costs of suit, and gave the balance in his hands to the husband of the defendant, *Mrs. Clinton.*

It appears that *Mrs. Clinton*, after giving this mortgage, had sold the land to one *John Bartley*, who gave her in part payment his note for $800, secured by mortgage on the property. This note is now in the hands of the defendants, and they have taken upon it an order of seizure and sale which the plaintiff has enjoined. This is an appeal from the judgment perpetuating the injunction.

The effect of the pact *de non alienando*, so far as the party in whose favor it operates is concerned, is, that in contemplation of law, the property remains in the possession of the original debtor, notwithstanding it may have been alienated by him; and those who purchase it or acquire real rights on it, are presumed to know the titles and incumbrances under which they hold. *Donaldson* v. *Morel*, 2 L. R. 34.

The mortgagee, in such a case, has a right to proceed by the *via executiva*, after the alienation, as if the property still belonged to the mortgagor. *Murphy* v. *Gandot*, 2d R. 378; *Gas Bank* v. *Allen*, 4 Rob. 389; *Ducros* v. *Forbin*, 9 Rob. 167. The mortgage creditor, in this case, thus proceeded and gave notice of the seizure to *Mrs. Clinton;* the subsequent alienations being null as to him, he had nothing to do with the mortgages resulting from those alienations, and the plaintiff, who holds under him, stands in the same situation. If he could be evicted by the defendant's mortgage in this action, under article 711, C. P., and 2599 C. C., he would have his recourse in warranty against the mortgagor and mortgagee, and thus effect would be given against the latter to an alienation which the law reputes null and void as to him.

The proceedings in the suit, were carried on against *Peter Clinton* and his wife, and if the Recorder of Mortgages was not informed that they had alienated the property, it is not surprising that he did not certify the existence of mortgages resulting from that alienation.

The authorities cited to show that the mortgage once created and inscribed continues to affect the property until the extinction of the debt, and that the Recorder cannot destroy it by his act or omission, are not applicable to this case.

The mortgage held by the defendants was taken under the implied condition which they are presumed to know, that in a certain contingency, the title under

which it arose might be treated as a nullity, and the injury resulting to them from the happening of that condition, is not one which the party in whose favor it existed, or those claiming under him, can be called upon to redress. The case would be a very hard one, if the loss of the defendants did not mainly result from the nature of the security they held, and from their not using the degree of diligence which such a security renders necessary. Those who hold second mortgages should, at all times, be informed of any proceedings which may have been had under the first. The property, in this case, sold for an amount more than sufficient to pay both mortgages, and the want of vigilance of the defendants alone, enabled their debtor to commit a fraud upon them.

Judgment affirmed with costs.