*DONALDSON vs. MAURIN & AL.*

A party who claims under a will, may sue in the name, by which he is therein designated.

Where personal obligations are imposed on a vendee by the terms of the contract, he cannot relieve himself from them, by a sale of the mortgaged property to a third person, without the consent of the vendor.

A vendee cannot be cited in warranty.

A third person cited in warranty, who wishes to avail himself of the provisions of the Code of Practice in his favor, must file his opposition in his answer to the citation in warranty.

An express agreement not to alienate, in an act of mortgage, relieves the mortgagee creditor from the necessity of pursuing all the steps, required by the hypothecary action in ordinary cases.

APPEAL from the court of the first district.

On the 24th of April, 1812, William Donaldson, by authentic act, sold to the defendant Maurin, two lots of ground for the price of $600, to be paid at the will of the purchaser,

Eastern District, and subject to an annual and perpetual interest
March, 1830.       of six per cent. per annum, to be calculated
DONALDSON      from the first of January, 1812, and payable
vs.
MAURIN & AL.   half yearly on the first of July and first of January,
in each year, until the whole principal should
be paid. The act contained a stipulation that
Maurin should not sell nor alienate said lots, or
any part thereof, until final payment, and in
case the interest was not punctually paid as it
became due, that then Maurin should be bound
to pay the principal and interest with all costs
of recovery.

In 1814, Maurin and Hopkins entered into
a contract of partnership in relation to the lots,
by which they became joint owners thereof.
Hopkins died soon after, and at a probate sale
of his effects, his widow became the purchaser
of the lots, the defendant Maurin consenting to
the sale as the best way of settling the affairs of
the partnership. The widow afterwards, inter-
married with P. Pedesclaux, who sold the lots
to Bringier—Bringier became insolvent, and at
a sale of his property, the lots in question were
purchased by Madame Lefort, who was in
possession at the institution of the present suit.

Pedesclaux and wife were brought into
court at the instance of Maurin; they cited the
syndic of Bringier, who cited Madame Lefort,

The petitioner averred the non compliance of Maurin with his engagements, and prayed judgment for $600, with the annual rents, damages, interest and costs. Exceptions to the action were put in by Maurin on the ground: 1st. That the name of petitioner was not Colgate *D.* Donaldson, but Colgate ,D. Vanpradelles. 2d. That petitioner set herself out as heir of William Donaldson, by way of description, and not by way of averment, and further that she does not show by what right or title she is heir of Donaldson, whether by testamentary, regular or irregular succession. 3d. That the conclusions of the petition were not analagous to the nature of the action, for that in the body of the petition, the petitioner set up a claim to the payment of a capital sum for the price of certain lots and annual rents, and concluded by demanding payment of said sums of money and also for all damages.

It was admitted that the maiden name of the plaintiff was Colgate D Vanpradelles. The first and third exceptions were overruled by the court below, and the plaintiff permitted to amend his petition by inserting the word testamentary, so as to read Colgate D. Donaldson, widow and testamentary heir of Wm. Donald-

Eastern District.
*March*, 1830.

DONALDSON
*vs.*
MAURIN & AL.

son, deceased. Maurin then answered to the merits, denying generally the allegations, and praying that if judgment should be rendered against him, a similar judgment might be rendered against Pedesclaux and wife.

The court below rendered judgment in favor of the plaintiff, against Maurin personally for $600, with interest at the rate of six per cent. per annum from the 25th April, 1825, and ordered the property mentioned in the petition to be seized and sold. Madame Lefort appealed.

*M'Caleb* for plaintiff, *Watts* for Maurin, who joined in the appeal, filed the following points.

1st. That the exception as to the name, under which plaintiff brought suit, was improperly overruled.

2d. There was neither allegation nor proof that the defendant and Maurin were ever put in delay in payment of the interest, so as to entitle the plaintiff to demand the capital or principal sum.

3d. Judgment ought to have been rendered against Pedesclaux and wife for same amount in favor of Maurin, for which judgment was rendered against him in favor of plaintiff.

*Ripley* and *Conrad* for Madame Lefort.

MATHEWS, J. delivered the opinion of the court. This suit is brought by the testamentary heir of William Donaldson, to recover the price of two certain lots of ground situated in Donaldsonville, sold by the testator to the defendant Maurin, for the sum of 600 dollars and interest thereon, at the rate of six per cent. per annum, from the 1st day of January, 1812. According to the terms of the act of sale, the purchaser was bound to pay the interest half yearly until the price should be paid, which he was at liberty to pay in any sums and at any time that he might choose, &c. A mortgage on the property sold was expressly reserved for security of the payment of the price, containing a *pact de non alienando.* It appears from the evidence in the cause, that some improvements were put on the lots thus purchased, and that they finally became a partnership property between the vendee and S. A. Hopkins, late of the town of Donaldsonville, and that after the death of the latter, his widow purchased them at a public sale of the succession of her husband; the original vendee consenting that she should thereby acquire all his rights to the half

held by him in common with her former husband. She afterwards intermarried with P. Pedesclaux, who sold and conveyed the lots in question to Louis Bringier, under the same conditions as they were held by the original purchaser from William Donaldson. The property was finally sold as belonging to the estate of Bringier, who had become insolvent; one lot by sheriff's sale, and the other by the collector of taxes, when the defendant, Mrs. Lefort, became the purchaser of one of the lots, the other was purchased by one Francois Lefort, who is not made a party in this suit, and is now in possession. Pedesclaux and wife were brought into court in the present action, at the instance of the defendant Maurin, and they called in the syndic of Bringier, who cited Mrs. Lefort. The court below rendered judgment against the first defendant personally, for the sum of six hundred dollars principal, and three years interest, at the rate of six per cent. per annum; and decreed that the property now in the possession of the third persons should be seized and sold to satisfy the judgment; from which Mrs. Lefort appealed.

We must first examine the judgment of the district court as between the plaintiff and the original defendant. The first objection made to its correctness is based on an alleged misnomer of the former. She sues under the name of Donaldson, whereas the defendant avers that her real name is Vanpradelle, being that which she had before her marriage. Whether our laws do, *ipso facto*, by marriage confer on a wife the family name of her husband, or that she may rightfully assume it in all subsequent transactions, in the present case need not be inquired into. The plaintiff sues as testamentary heir of her husband. In the will she is designated by the same name in which she sues; in this name she acquired the rights which she now claims against the defendant; and in it, in our opinion, she may properly pursue them. No mistake as to the real person in interest can take place, and consequently no injury can happen to the defendant by the assumption of this name on the part of the plaintiff.

Another objection made by the counsel for Maurin to the judgment of the court

Eastern District.
*March*, 1830.

DONALDSON
*vs.*
MAURIN & AL.

A party who claims under a will may sue in the name by which he is therein designated.

DONALDSON
*vs.*
MAURIN & AL.

Where personal obligations are imposed on the vendee by the terms of the contract, he cannot relieve himself from them by a sale of the mortgaged property to a third person without the consent of the vendor.

below, is, that he was not put in delay of payment of the interest stipulated in his contract with Wm. Donaldson by a demand, and that without it, the principal sum was not exigible. The contract under consideration is *sui generis.* It is not, strictly speaking, either a *rente foncierc bail a rente,* or *constitution de rente.* It perhaps partakes more of the former species of contract, than any other. The stipulations which it contains bind the purchaser to pay the interest on the price semi-annually, and in default thereof subjects him to have the principal exacted; all secured by express mortgage on the property. Now these are personal obligations imposed upon him by the explicit terms of the contract, and from which he could not release himself by any subsequent sale of the mortgaged property to a third person, without the consent of the vendor. By failing to pay the interest or rent, he has subjected himself to pay the principal. In this respect we are, therefore, of opinion that the judgment of the district court is correct.

In relation to the cause, as between the original defendant and the party cited at

his instance, we do not believe that there
is error in the judgment of the district court,
in not rendering a judgment in his favor
against them personally.  They undertook
no personal responsibility in relation to the
payment of the rent stipulated in the con-
tract under which they acquired the pro-
perty.  Indeed we do not believe that any
of the subsequent holders are,  or will be
liable to him personally,  unless in the
event that he shall be compelled to pay the
arrearages of rent which may have accru-
ed  during the time of their possession of
the lots.  It is not easy to perceive on what
principle they have been  forced into the
present suit: surely not as warrantors; for     A vendee can-
' a greater legal absurdity cannot be ima-      not be called in
gined, than to make a vendee warrantor.         warranty.
But as they have acquired in the pro-
ceedings, their respective claims must be
examined.  And this leads us to the inves-
tigation of those set up by the appellant.
Her counsel mainly relies for relief against
the judgment rendered by the court below,
on her situation as a third possessor.  It is
perhaps true, according to the provisions
of the Code of Practice, that she could not

be compelled to pay the amount secured by the mortgage on the property which she occupies, or surrender it in discharge of the debt due to the mortgagor, without proceedings, and notice to her in conformity with those proceedings, unless these preliminary steps may be legally pretermitted in consequence of the agreement contained in the mortgage not to alienate. But we are of opinion that the opposition as a third possessor ought to have been made in the answer to the citation in warranty; and that, having neglected to do so, she submitted the decision of the case to the jurisdiction of the inferior court on its substance and merits. The defence set up in this court is mere matter of form, because in any event she would be bound to pay the money secured by the mortgagee, according to the amount of property by her held, or subject to be seized and sold.

*A third possessor cited in warranty who wishes to avail himself of the provisions of the Code of Practice in his favor, must file his opposition in his answer to the citation in warranty.*

The judgment of the district court having condemned all the property mentioned in the mortgage to be sold, *id est*, both lots ; and it appearing that one of them is held by a person who has in no manner been made a party to this suit, it becomes our duty to

*An express agreement not to alienate in an act of mortgage, relieves the mortgagee creditor from the necessity of pursuing all the steps required by the hypothecary action in ordinary cases.*

inquire into the effect of the *pact de non alie-*

*nando.* The same question arose in the case of *Nathan & al. vs. Lee.* See 2 Mart. n. s. p. 32. We there determined that the express agreement not to alienate in an act of mortgage, relieves the mortgagee creditor from the necessity of pursuing all the steps required by the hypothecary action in ordinary cases. But it is now contended, that the Spanish laws and rules of proceeding, on which the decision in that case was founded, have since been repealed by the act of 1828, and that there is now no express law in force to support any exception to the rules of proceeding established by the *Code of Practice,* for hypothecary actions. Admitting this to be true, although perhaps not admissible in contracts previous to the repealing laws, we are yet of opinion that the present case must receive a decision similar to the former. It is an universal principle, founded in reason and law, that effect must be given to all the parts of a written contract or agreement, and meaning to all its stipulations and phrases, unless such a construction leads to absurdity. It is also a general rule that owners of property must be presumed to know the titles and the incumbarnces under which they hold it.

DONALDSON
*vs.*
MAURIN & AL.

In applying these rules to the case under consideration, it is evident that the mortgagee intended some advantage to himself by the introduction of the clause *de non alienando*, consented to on the part of the mortgagor, beyond what he would have had without such a fact or agreement, and that the only manner in which it can have the effect intended by the parties to the contract, is to construe it into an authority to seize the property mortgaged in the hands of the third possessors, without preliminary proceedings, as in case of an ordinary hypothecation. This summary process the possessors have no right to complain of, for they knew the terms and conditions on which they hold the property.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.