MOSS *vs.* COLLIER.

APPEAL FROM THE COURT OF THE NINTH JUDICIAL DISTRICT, FOR THE PARISH OF CONCORDIA, THE JUDGE THEREOF PRESIDING.

Where the vendor's act of sale and mortgage contains the clause *de non alienando*, there is no oath required, or notice to the third person, in proceeding against the mortgaged property by the *via executiva*, or executory proceedings.

If the petition pursues the forms, and prays for an order of seizure and sale, the fact of the clerk issuing a citation to the defendant, will not change the suit into the *via ordinaria*.

This is a proceeding by the executory process, against mortgaged property in the hands of a third possessor. The act of mortgage was taken on certain property, to secure the payment of a note of four thousand and eighty-nine dollars and sixty-eight cents, drawn by W. Byrnes, the 1st July, 1837, payable at the Union Bank of New-Orleans, the 15th March, 1838. The act contained the *pact de non alienando*.

The note is paraphed by the notary the 1st July, 1837, and a duly certified copy of the act of mortgage annexed to the petition. It alleges that payment of the note had been in vain demanded of W. Byrnes, the maker, more than thirty days; and that notice of ten days-had been given to the defendant, Collier, to whom the property had been sold and transferred, before instituting these proceedings. The petitioner prays for an order of seizure and sale.

There was also an affidavit by the plaintiff's attorney, taken before the clerk of the court, annexed to the petition, setting forth the demands made on the debtor, and notice to the defendant. The certificate of the parish judge of Concordia, is dated the 17th June, 1839, and states that the mortgage taken to secure the payment of this note "has been duly recorded in his office."

. An order of seizure issued, and the defendant appealed therefrom, directly, to this court.

*Dunlap* and *Dunbar,* for the appellant, assigned for error that the affidavit was insufficient, being sworn to before the clerk, and, consequently, there is no evidence of the thirty days previous demand on the debtor, and ten days notice to the third possessor, as is required by law.

2. The proceedings in this case commenced in the *via ordinaria,* as citation was issued; and could not be changed to the *via executiva.*

*Hyams,* for the same side, contended, that there was no evidence showing that the plaintiff's mortgage was recorded before the sale and transfer from Byrnes to Collier, the defendant. The mortgage is dated in July, 1837, and the certificate of the parish judge, stating that it was duly recorded in his office, is dated the 27th June, 1839. Before this date the property was transferred, and it must be presumed the transfer was before the recording, as no other date but that of the certificate is given.

2. It is objected, that this was not assigned for error. This was not necessary, where the record enables the court to act on the merits of the case. The court's attention may be drawn by either party to an error of the inferior judge, without any being specially assigned. See 5 *Martin, N. S.,* 340. 2 *Louisiana Reports,* 347 ; and, also, 9 *Martin,* 275, where the court say : "Want of evidence to support a judgment, cannot be assigned as error apparent on the record."

3. In relation to the *pact de non alienando,* if the act of mortgage itself had no legal existence against Collier, the third possessor, prior to the 17th June, 1839, how can any clause contained therein affect him.

*O. N. Ogden,* for the plaintiff and appellee.

*Morphy, J.,* delivered the opinion of the court.

The defendant and appellant resists the execution of an order of seizure and sale upon property which he holds as a third possessor. He assigns, as errors apparent on the face of the record :

1st. That there is no affidavit, or sufficient evidence of the thirty days previous demand of the debtor, and the ten days previous notice to the third possessor, required by law ; that the administering an oath is a judicial function, and the clerk had no right to administer the oath in this case.

2d. That the proceeding in this case was by the *via ordinaria*, and could not be legally changed to the *via executiva.*

I. We need not inquire whether the first assignment be well founded or not, because the plaintiff's deed of mortgage contains the clause *de non alienando.* Its well known effect is to relieve the mortgage creditor, when he resorts to his hypothecary action from the obligation or necessity of pursuing all the steps required in ordinary hypothecary suits. No oath was, therefore, required. · He might have proceeded without any notice to the defendant.

II. As to the second, we cannot discover in the petition any prayer that citation should issue to the defendant. It pursues strictly the form of the *via executiva.* If the clerk has issued citations not called for by the plaintiff, we do not think that his right can be thereby affected.

Our attention has been called, in argument, to divers other alleged irregularities in the proceedings. Even if they were of any importance, we could not notice them because not assigned.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Western Dist.*
*October,* 1839.

Where the vendor's act of sale and mortgage contains the clause *de non alienando,* there is no oath required, or notice to the third person, in proceeding against the mortgaged property by the *via executiva* or executory proceedings.

