## LAWRENCE *vs.* BURTHE ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where an act of sale contains the clause *de non alienando*, any sale or transfer made in violation of it is, *ipso jure*, void, as it relates to the first vendor or creditor.

The first vendor, who sells with the clause *de non alienando*, may have the property on which his mortgage rests seized and sold, as if no change had taken place; and without notifying or making the vendee of his mortgagor a party.

This case comes up on an injunction to stay executory proceedings.

The defendants, D. F. Burthe and L. S. Hilligsberg, sold ten lots of ground in New-Orleans, among others, to R. Hagan, the 5th of March, 1836, the price payable by instalments, for which notes were given, and the usual mortgage retained, with the clause *de non alienando*, by which the purchaser bound himself neither to alienate or encumber said property.   Hagan sold these lots to the present plaintiff. On the 24th of May, 1839, after several of the notes given

EASTERN DIST.
*April*, 1840.
───────
LAWRENCE
*vs.*
BURTHE ET AL.

by Hagan to Burthe and Hilligsberg became due, and protested for non-payment, they took out an order of seizure and sale against said lots, without notifying Lawrence, the last purchaser and third possessor, or making him a party.

Lawrence made opposition, and obtained an injunction to stay proceedings, on the following grounds :

1. The defendants were not entitled to an order of seizure, but should have proceeded by the hypothecary action against the third possessor, if the property was subject to their mortgage.

2. There is no authentic evidence that the plaintiff assumed Hagan's mortgage.

3. Even if he had assumed Hagan's obligations, still suit should have been brought against him, and not Hagan ; or against both.

4. The thirty days notice and demand of the original debtor, and ten days notice to the third possessor, are not alleged and shown.

5. The whole proceedings are irregular and void on the face of them.

The opposition and injunction were tried summarily, on a rule taken on the plaintiff; the opposition was overruled and the injunction dissolved. The plaintiff appealed.

*Roselius* and *Eyma*, for the plaintiff and appellant, urged the grounds on which the injunction was obtained, for the reversal of the judgment.

*V. Burthe*, for the appellees.

*Morphy, J.*, delivered the opinion of the court.

The plaintiff is appellant from a decree dissolving and setting aside an injunction previously obtained, to prevent the sale of twelve lots of ground, situated in suburb St. Mary. These lots had been sold to the plaintiff by Richard Hagan, who had purchased them himself from the defendants, at whose instance an order of seizure and sale had issued, under the mortgage reserved by them as vendors of said lots.

The grounds of injunction in the inferior court were, in substance, that the defendants had not pursued all the steps and formalities required for the exercise of the hypothecary action; and that the plaintiff was not made a party to the executory proceedings, although in possession of the mortgaged premises. It does not appear to us that the judge below erred. R. Hagan, the mortgagor, bound himself not to alienate or mortgage the property to the prejudice of his vendors and mortgagees. The well known effect of the clause *de non alienando*, is that any alienation or transfer, made in violation of it, is *ipso jure* void, as it relates to the creditor. The latter is not bound to pursue a third possessor by the hypothecary action, but may have the property mortgaged seized and sold, as if no change had taken place in its possessors, and being under no obligation to make the vendee of his mortgagor a party to the proceedings. 2 *Martin, N. S.*, 32, *Nathan* vs. *Lee;* 1 *Louisiana Reports,* 29, *Donaldson* vs. *Mourier;* 13 *Idem.*, 314, *Nicolet's Executor* vs. *Moreau et al.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.