ROBERT MURPHY *v.* JEAN JACQUES JANDOT.

Where a mortgage contains the clause *de non alienando,* no transfer of the property can affect the mortgagee's right to proceed against it, summarily, as if still belonging to the mortgagor.

A sale by a sheriff of an immoveable, seized under a *fi. fa.,* is void as to third persons not proved to have had actual notice, when it has not been recorded in the office of the Register of Conveyances as required by law.

APPEAL from the Parish Court of New Orleans. One Yates having obtained a judgment against Hannah Clark, caused a *fi. fa.* to be levied on a lot of ground in the *faubourg* Tremé, on the Bayou road, between Rampart and St. Claude streets, which, not bringing two-thirds of its appraised value, was sold, on the 30th April, 1840, to Robert Murphy, the plaintiff, for $1125, at twelve months credit. A conveyance was executed to him, by the sheriff, on the 5th of May. The deed was recorded in the Mortgage Office on the 10th of August following, and by the Register of Conveyances on the 24th of the same month. In the month of June of the same year, Hannah Clark mortgaged the lot to Jandot, the defendant, to secure a sum of $750. This mortgage was recorded in the office of the Recorder of Mortgages on the 25th of that month. Jandot having taken out an order of seizure and sale, Murphy enjoined the proceedings against the property, alleging himself to be the owner under the sheriff's deed, and praying to be declared such, and that the mortgage to the defendant might be decreed to be null and void. Jandot answered, that the sale to Murphy not having been recorded in the time prescribed by law, was void. The answer, after some other allegations, concluded with a prayer for damages. On the trial, the plaintiff attempted to show that Jandot knew of the purchase made by the former at the sheriff's sale, and that he was aware of the plaintiff's possession from that time. The evidence on this point will be found in the opinion delivered by *Bullard,* J. The injunction was dissolved with damages, by *Maurian,* J., and the plaintiff has appealed.

*Budd,* for the appellant, contended that at the time of the execution of the mortgage to Jandot, Hannah Clark had been divest-

ed of all title to the property, by the seizure and sale under the *fi. fa.* in favor of Yates.

*Buisson*, for the plaintiff. The sale to Murphy not having been registered in the Conveyance Office, until after the execution of the mortgage to Jandot, cannot affect him. Act of 20th March, 1827, Sess. acts, pp. 136—8, § 1, 5. Code Pract. art. 696. 10 La. 522. 11 Ib. 490.

BULLARD, J. The defendant, Jandot, having sued out an order of seizure and sale against a lot of ground in possession of the plaintiff, the latter obtained an injunction to stay the proceedings, on the allegations that he was the owner of the lot by sheriff's sale, at the time the former owner, Hannah Clark, mortgaged it to Jandot; and that although the sheriff's deed had not been previously recorded in the office of the Register of Conveyances, yet Jandot knew of the sale to the plaintiff and of his possession. It was further alleged that no legal notices were given or demand made, before proceeding by order of seizure and sale. The injunction was dissolved with damages, and the plaintiff has appealed.

The mortgage to Jandot contains the clause *de non alienando*, and consequently no transfer of the property would affect his right to proceed summarily against it, as if still belonging to the mortgagor.

The deed to Murphy was not recorded in the office of the Register of Conveyances, until after the former owner had mortgaged it to the defendant. But it is said that Jandot knew of the plaintiff's title and possession. Upon this point the evidence shows, that Jandot called at the sheriff's office in December, 1840, and inquired if it was true that the property had been sold at public sheriff's sale. He said that he had lent money on the lot; that he had employed Buisson to examine the titles, and that Buisson had told him that the title was good, and that he might lend the money upon it. The witness adds that Jandot was aware that Murphy was in possession of the property since the adjudication. It is further shown that the sheriff's sale was advertised as usual in the newspapers, and that Jandot was in the habit of attending public sales, and of inquiring about property advertised, its appraise-

ment, and its worth. It is further shown that Jandot appeared very sorry lest he might lose his money, and that he blamed his counsel.

This evidence did not appear to the judge sufficient to bring home to the plaintiff a knowledge of the sale, and we think he did not err. The knowledge of the possession by Murphy, does not necessarily imply that Jandot knew that Murphy had purchased at the sheriff's sale, the more especially as no public notice had been given, as required by law, by recording the conveyance.

*Judgment affirmed.*