### Eliza Haley *v.* Isaac Dubois.

The effect of the clause *de non alienando* in a mortgage, is to render void, as regards the mortgagee, any alienation or transfer of the property made in violation of the mortgage; and the mortgagee may have the property seized and sold as if no change of owners had taken place, and without making the vendee of the mortgagor a party to the executory proceedings.

Appeal from the District Court of East Baton Rouge, *Johnson, J.*
*Busk* and *Herron,* for the plaintiff.
*Brunot,* for the appellant.

Morphy, J. The defendant appeals from a judgment perpetuating an injunction, sued out by the plaintiff to prevent the sale of a negro, whom he seized in her possession, and whom she had purchased from her mother, Susanna Barrow. This slave had been mortgaged to the defendant by the former owner, who had bound herself not to alienate the property to his prejudice. The ground on which the injunction was taken and perpetuated below is, that the slave was seized in the hands of the present possessor without any previous notice of seizure being given to her, and that the plaintiff in injunction, although deprived of the rights of a third possessor in consequence of the clause *de non alienando* in the mortgage of her vendor, was entitled to the same delays, and notices as the original debtor in a direct action of mortgage against her. The record shows that the sheriff, before making the seizure, gave the three days notice required by law to the original debtor, Susanna Barrow, and that, not finding the slave in her possession, he seized in the hands of the purchaser, Eliza Haley, and then gave to the latter a notice of such seizure before he advertized the property for sale. It is not easy to perceive in what manner the plaintiff has been injured. This court has repeatedly held, that the effect of the pact " *de non alienando,*" is to render void, as regards the mortgage creditor, any alienation or transfer made in violation of it. The mortgagee can have the property seized and sold as if no change of owners had taken place, and without making the vendee of the mortgagor a party to the executory proceedings under the order of seizure and sale. 2 Mart. N. S. 32. 1 La. p. 29. 13 La. 314. 15 La. 263, 473. If, then, un-

der these adjudications, the defendant had a right to have the property seized and sold without any notice to the plaintiff as a third possessor, she has surely no cause to complain when it is shown that she has been notified of the seizure.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed; and it is further ordered, that the injunction be dissolved, and that the plaintiff pay the costs in both courts.