## Snow v. Trotter et al.

Want of amicable demand, is not a sufficient ground to enjoin the execution of an order of seizure and sale.

In proceedings *via executiva*, it is not necessary that a copy of the petition should be served on the defendant.

In an action on a note payable to, and in possession of the plaintiff, it is not necessary that he should allege, in special terms, that he is the holder and owner.

A prayer that mortgaged property should be seized and sold to satisfy plaintiff's demand, is equivalent to a prayer for the recognition of the mortgage.

Where a mortgage contains the pact *de non alienando*, it is unnecessary to allege in the petition for an order of seizure and sale that, the property mortgaged is in the possession of the mortgagor.

Where an act of mortgage given to secure the price of land, recognizes the capacity of the agent by whom the sale was made and the mortgage retained, and recites the mandate, the power of attorney itself forms no part of the testimony necessary to authorize an order of seizure and sale.

To suspend the payment of the price, a purchaser must allege and prove that he has been disquieted in his possession, or has just reason to fear that he will be disquieted. C. C. 2535.

Payment of the price cannot be resisted on the ground that, the vendor has not complied with his agreement to survey and point out the boundaries of the land, where he has not been put in default for his failure to do so.

APPEAL from the District Court of Carroll, *Selby,* J. *Short* and *Drew,* for the plaintiff. *Dupuy,* for the appellants. The judgment of the court was pronounced by

KING, J. *Snow* obtained an order of seizure and sale against *Nathan,* and *Joseph Trotter,* upon a conventional mortgage granted by the latter, to secure the payment of notes given for the price of a tract of land. The defendants presented a petition praying for an injunction to stay the execution of the writ on ten different grounds, all of which were considered by the judge in a written opinion, and overruled. From the judgment refusing the injunction the defendants have appealed.

The grounds upon which the injunction was prayed for are that, there was no amicable demand of payment; that no copy of the petition was served upon the defendants; that the name of *Nathan Trotter* does not appear in the notice; that there is no allegation that the plaintiff is the holder or owner of the note secured by mortgage; that the note is made payable to the plaintiff, and is not by him endorsed; that there is no prayer that the mortgage be recognized; that there is no allegation that the property is in the possession or ownership of the defendants; that the power of attorney under which the plaintiff's agent sold the land and retained the mortgage, was not authentic; that the consider-

ation of the note has failed, the title to the land for which it was given being imperfect, the wife of the plaintiff not having renounced her rights of mortgage; and finally that, the plaintiff's agent has failed to comply with his promise to survey and point out the metes and bounds of the land.

The judge did not, in our opinion, err. in refusing to grant an injunction. The want of amicable demand is not a sufficient ground for granting an injunction to stay the execution of an order of seizure and sale. 15 La. 186, 434.

In executory process a copy of the petition is not required to be served on the defendant. 15 La. 434. C. P. 734, 735. The plaintiff has not alleged in special terms that he is the "holder and owner" of the note on which his demand is founded, nor was such an allegation necessary, he being in the possession of the note, which is payable to himself, and the payment of which he is seeking to enforce.

The prayer that the mortgaged property should be seized and sold to satisfy the plaintiff's demand, is equivalent to a prayer for the recognition of the mortgage.

If, under any circumstances, it be necessary to aver that, the mortgaged property is in the possession of the mortgagor, the necessity for that averment did not exist in the present instance. The act contains a clause of non-alienation, which would have authorized the plaintiff to proceed against the property in the hands of a third possessor, in the same manner as if it had remained in the possession of the mortgagor. It is further to be observed that, the defendants have not alleged that the mortgaged property is not in their possession.

It is not material to enquire whether the power of attorney under which the plaintiff's agent acted, was authentic in form. In the act of mortgage on which the order of seizure and sale was granted, the defendants have recognized the agent's capacity, and the mandate under which he acted is specially recited. The power of attorney formed no part of the testimony necessary to authorize the order of seizure and sale.

It is not averred in the petition that the plaintiff's wife has separate effects of any kind, from which a mortgage upon her husband's property could result. But, if such an averment had been made, it would not have been a sufficient cause for resisting payment. The purchaser can only suspend the payment of the price when he has been disquieted in his possession, or has just reason to fear that he will be disquieted. There is no allegation of a disturbance, or of the apprehension of a disturbance. C. C. art. 2535.

The ground that the plaintiff has not complied with the promise to survey and point out the boundaries of the land, is equally untenable. There is no averment that he has been put in default for a failure to comply with this engagement.                                    *Judgment affirmed.*