By the Court,
Monell, J.
This action, although brought in the name of The Hope Mutual Life Insurance Company, is , in reality for the benefit of the creditors of that insolvent corporation. A court in Connecticut, of competent jurisdiction, has declared its insolvency, and passed all its assets into the hands of a receiver.
Upon an-examination of the statute under which the company was incorporated, I am inclined to the opinion that the note in suit is not strictly within the authority, given by tho 8th section of the act, to receive notes or other securities for premiums in advance ; and if the action had been brought by the company before its dissolution, I think they would have been obliged to show that the note was not in fact at variance with the statute. A corporation can enforce such contracts, only, as are authorized to be made by its charter. But where other persons have become interested, having dealt with the company in good faith, believing in their power to contract, every presumption and intendment is made in favor of such power, and its appropriate exercise. (Bissell v. The Michigan Southern and Northern Indiana Railroad Co., 22 N. Y. Rep. 258.)
*283 The defendant was one of trustees of the company, and assisted in the passage of the resolution of the 26th of March, 1847, authorizing the raising of a guranty fund “ upon such terms and conditions as were not at variance with the charter' and by-laws of the company.” I think, as between the defendant and the creditors who were induced to give credit to the company upon the strength of that resolution, it is but fair to presume that the note was conformable to the charter and by-laws of the company. Such, in principle, is the decision in Ogden v. Andre, (4 Bosw. 583,) affirmed by the Court of Appeals in April, 1863. Besides, the resolution of the trustees, to which the defendant was a party, or had knowledge, before the giving of his note, must estop him from urging want of authority or non-conformity to the charter, as a defense to a creditor’s suit.
But the action can be sustained without the statute. The general powers incident to all corporations, and which are necessary to enable them to conduct their business, enabled them to receive the note in question, as forming a part of their guaranty fund, and in the hands of the receiver it was a valid security. (White, receiver, v. Haight, 16 N. Y. Rep. 310.)
As this view of the case has been so fully examined and clearly decided in our neighboring state of Connecticut, by its highest court, (Hope Mutual Life Insurance Co. v. Weed, 28 Conn. R. 51,) in a suit upon one of these guaranty notes, we may content ourselves by referring to the very able opinion of Ch. J. Strong in that case, as furnishing all the reasons necessary to sustain the verdict in this. Even were we inclined to differ with that eminent judge, which we are not, comity towards the judgment of the highest court of another state should conclude us.
Notice of the assessment upon the defendant’s note was given to the defendant in December, 1854, or January, 1855, from which time the statute of limitations began to run. The suit having been commenced in May, 1860, six years had not elapsed after the liability of the defendant was fixed.
The only remaining exceptions were to the third and fourth requests to instruct the jury.
*284 The allegations that the company had realized a net profit of $25,000 in 1850, and that in 1849 the capital of the company, by their statement to the comptroller, amounted to $208,528.48, were not supported by proof. All except $5,813.84 cash in hand, of the $25,000 item, was made up of premium notes and sums due from agents, the greater part of which, according to the evidence, was worthless. And the larger item of capital in 1849, was made up of securities from which the company realized little or nothing. Besides, in making up these statements, the debit side for loss was wholly omitted, which would materially lessen the amounts.
The six per cent interest upon the defendant’s note became a debt against the company, and was entitled to its proportionate payments out of the assets which passed to the receiver. (Hope Life Insurance Company v. Weed, supra. Duncan v. Stanton, 30 Barb. 533.)
This action was properly brought in the name of the company. The receiver was appointed by the Connecticut court in the exercise of its equity powers, and not under any statute of the state. A foreign receiver cannot sue in his own name in our courts. (Booth v. Clark, 17 How. U. S. Rep. 322.)
I am of opinion that none of the exceptions were well taken, and that the plaintiff should have judgment upon the verdict.