No. 3113.—JOHN B. PITTMAN *v.* C. C. OBERCAMP—A. A. MAGINNIS, Intervenor. R. R. BARROW, Warrantor.

R. R. Barrow owned a tract of land near the town of Donaldsonville, in Louisiana, known as the Winter Plantation. In 1862 he executed a mortgage on the entire tract in favor of Maginnis, with the pact *de non alienando* contained therein. In 1868 he sold thirty arpents of the tract lying contiguous to the town of Donaldsonville to one Pittman. Subsequent to this sale, Maginnis had caused his mortgage to be foreclosed, and had bought the entire tract at sheriff's sale.

Pittman now brings suit for the thirty arpents which he had lately purchased from Barrow, which is contained in the Winter tract, against the possessor, who disclaims title in himself, but avers that he holds possession under a lease from Maginnis. Maginnis intervened, and asserted title to the entire tract under his purchase at sheriff's sale. The evidence shows that the thirty arpents sold by Barrow after he had executed the mortgage to Maginnis with the pact *de non alienando* therein contained, was included in the tract known as the Winter Plantation, which was covered by the mortgage.

Held—That the sale by Barrow after the mortgage was given, with the pact *de non alienando*, of a portion of the land mortgaged, was a nullity, so far as the mortgage was concerned; that the subsequent sale for the benefit of the mortgage creditor of the entire tract, without reference to the sale made of a part thereof by Barrow, conveyed the title to the purchaser to the whole tract; that the purchaser from Barrow after the mortgage had been given, acquired no title whatever as against the mortgage creditor to that portion of the tract conveyed by Barrow subsequent to the act of mortgage which contained the pact *de non alienando*.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Beauvais*, J. *C. C. Belcher*, for plaintiff and appellant. *R. N. Sims*, for intervenor and appellee.

HOWE, J. The plaintiff commenced this suit against the defendant, Obercamp, claiming a tract of land of about thirty arpents, adjoining the town of Donaldsonville, in virtue of a sale from R. R. Barrow, of May 27, 1868.

The defendant, disclaiming title, alleged that he held the land by a lease from Maginnis. Maginnis intervened, asserting title to the tract by purchase at sheriff's sale of the "Winter Plantation," in which it was included, which sale was made June 9, 1868, in enforcement of a mortgage made by R. R. Barrow to Maginnis in 1862. He asked for damages against plaintiff for slandering his title to the tract in controversy, but as none were given by the judgment in his favor upon the question of title, and he does not ask for any amendment of the judgment, we apprehend that the questions raised by appellants as to this branch of the case do not require to be passed upon.

The plaintiff, Pittman, answered the intervention, setting up title under the act of sale from Barrow of May 27, 1868, and called his vendor in warranty. Barrow answered the call in warranty, alleged that Pittman was in possession of the property in dispute; excepted for this reason to the right of Maginnis to claim damages for slander of title, and recited the sale to Pittman of May, 1868. He alleged, in substance, that the land in dispute had been separated from the Winter Plantation before he mortgaged the same to Maginnis, and was not included in the mortgage and sheriff's sale to the latter; that it had

been laid out as an "addition" to the town of Donaldsonville, as appeared by his act of sale to Pittman; that a plan thereof, divided into squares and lots, had been deposited in the office of the parish recorder, and that the tract in question had not formed a part of the Winter Plantation since 1850. He further recited the act of mortgage to Maginnis of 1862, and reiterated his averment that it did not include the property in dispute.

The act of sale from Barrow to Pittman of May 27, 1868, conveys the property by the following description: "All of the squares and lots standing in the name of said Barrow contained between the lines expressed on a plot or survey called "Barrow's Additions," made by Valarian Sulakowski, civil engineer, as intended to indicate the addition made by said R. R. Barrow to the town of Donaldsonville, which plan is on file in the office of the recorder of the parish of Ascension. The property herein conveyed being originally a portion of the Deville Plantation of said Barrow (which plantation is now agreed to be sold to A. A. Maginnis at sheriff's sale to satisfy a mortgage thereon), and is bounded on the lower side by the upper line of the aforesaid plantation, or the street dividing the same, called, for sake of reference, Division street, in front by the public road on the Bayou Lafourche, in the rear by lands of Rightor, and above by the last street of the corporation of the town of Donaldsonville, reference to be made to the charter of the town for the name." * * * *

The mortgage of March 31, 1852, from Barrow to Maginnis contained the pact of non-alienation, and described the property as follows: "A certain plantation, together with all the improvements, etc., situate in the parish of Ascension, in this State, and known as the 'Winter Plantation,' and containing 500 arpents, more or less, bounded in front by the Bayou Lafourche, on the upper side by Division street and the lands belonging to Rightor, the church, Volney and Philips' Landing land, on the lower side by the land of Cabaive, and in the rear by Volney and Philips' Landing land, all of which will appear by reference to the annexed sketch of said plantation."

Maginnis, who in his intervention had alleged that the designation in his title of "Division street," was an error, "the said street never having had any existence whatever, either of record or (in) fact," filed a supplemental petition, alleging that said error arose from the designation of said boundary line as "Division street" in the act of mortgage, the name "Division street" being used as descriptive of the upper limit of said plantation, and to indicate the last street of the town of Donaldsonville on its lower boundary; "that the name of the said street was at the time of the execution of the aforesaid mortgage, and is now, Claiborne street, and not Division."

Upon these issues the parties went to trial, and after hearing

evidence, the judge below rendered judgment in favor of Maginnis,. the intervenor, decreeing him the owner of the land in dispute, and quieting him in his title thereto. No disposition seems to have been made of the case as to the defendant Obercamp, or as between the plaintiff, Pittman, and his warrantor, Barrow. The plaintiff and the warrantor have appealed.

The description quoted from the mortgage to the intervenor, Maginnis, covers the land in controversy, and, being repeated in the deed to him, gives him the better title. In the first place, the thing mortgaged is described as the "Winter Plantation," which appears to have extended up to and adjoined the town of Donaldsonville, and thus to have included the tract in dispute, lying between the lower boundary of the town and the imaginary line called by the appellants "Division street." In the second place, the quantity of land (500 arpents) corresponds with this inclusion. If the land in dispute were not included, the tract would be less than 430 arpents. In the third place, the plan annexed to the mortgage shows the line thereon called "Division street," to be immediately adjacent to the town on its south side, with no interval whatever between, and therefore no room for the squares and lots alleged by the appellants to have been laid out and separated from the plantation in 1855 by Sulakowski. The term "Division street" seems to have meant really the "dividing street," that is Claiborne street, dividing the town from the Winter Plantation. The description and its annexed plan, which must be taken together, were sufficient, therefore, to advise the plaintiff that the land up to the line of the town was covered by the mortgage of the intervenor with its pact of non-alienation, and that no matter how many lots and squares and "additions" might have been projected by Barrow, the mortgage would cloud them all. We may add that it appears, by testimony admitted without objection, that Sulakowski never made any such plot or survey as that with which he is credited in the act of sale from warrantor to plaintiff, and that Claiborne street, at the date of intervenor's mortgage, was known generally as the dividing street between the town and the Winter Plantation.

What the appellants call Division street, is a line marked by some Cherokee roses, and we are informed by a bill of exceptions here insisted on, that upon the trial of the cause the warrantor "offered to prove that the tract of land situated between the Cherokee rose fence and Claiborne street had formerly been laid out as an addition to the town of Donaldsonville by the owner of the Winter Plantation into squares and lots." Upon objection, the court refused to permit the proof, and the warrantor excepted.

There are many reasons why this action of the judge, though perhaps founded on an incorrect theory, will furnish no reason for setting

aside the judgment of intervenor against plaintiff. A vague offer by a party who produces neither witness nor document, can have but little force. The warrantor only made the offer; the warrantor only excepted, and there is no judgment against the warrantor. The judgment is against plaintiff; he did not offer any proof of these alleged facts, and took no exception. It is by no means clear that we can set aside the judgment against *him*, even if the offered proof was improperly rejected. But, furthermore, in strictness the ruling was not such as in itself to require a new trial. The offer was very indefinite, and if permitted, and the proof made, our conclusions would still be the same. Grant that the tract, in the language of the bill, "had formerly been laid out as an addition to the town of Donaldsonville by the owner of the Winter Plantation into squares and lots," and the questions still remain unanswered. When was this done? By whom? ·And how can the fact affect the ability of Barrow in 1862 to mortgage the tract to Maginnis, and the real right thus established in favor of Maginnis?

We think the judgment is correct, so far as it goes, but that, as the appellant requests, the cause should be remanded; but only for proceedings as between plaintiff and warrantor.

It is therefore ordered that the judgment appealed from be affirmed, at appellant's costs. It is further ordered that the cause, as between the plaintiff and warrantor, be remanded to be further proceeded with according to law.