*de simulation,* citing Hart & Co. v. Bowie, 34 La. Ann. 323.

We think plaintiff has fully proved the *insolvency* of the De Ridder Company by showing an indebtedness of over $10,000; for, notwithstanding some loose expressions to be found here and there in the jurisprudence, the general rule is that no one is required to prove a negative, and hence no one should be required to prove that another has no property. But, be that as it may, the rule in this state is *statutory.* R. C. C. art. 1985, reads as follows:

"Art. 1985. By being in insolvent circumstances is meant, that the whole property and credits are not equal in amount, at a fair appraisement, to the debts due by the party. And *if he, who alleges the insolvency shows the amount of debts, it is incumbent on the other party to show property to an equal or greater amount. * * *"* (Italics ours.)

### Decree.

The judgment herein appealed from under the No. 25700 of this court (No. 1512 of the court below) in the matter entitled Lumberman's Bank & Trust Co. v. Morgan & Co., Inc., et al., is therefore affirmed.

And the judgment herein appealed from under the No. 25371 of this court (No. 1347 of the court below) entitled Lumberman's Bank & Trust Co. v. De Ridder Light & Power Co. (In re Morgan & Co., Inc., Intervener and Third Opponent) is affirmed in so far as it dissolves the injunction therein sued out by Morgan & Co., Inc., and reversed in so far as it allows attorney's fees for the dissolution of said injunction, the demand therefor being now rejected.

It is further ordered that Lumberman's Bank & Trust Company pay the costs of appeal in No. 25371, and that Morgan & Co., Inc., pay the costs of appeal in No. 25700 and all costs of the lower court in both cases. And the right of all parties to apply for a further rehearing is reserved.

(99 South. 704)

No. 24144.

## MAISONNEUVE et al. v. MARTIN et al.

(March 24, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Mortgages ⟨⟩11, 271—Pact de non alienando avoids subsequent mortgage or other disposition of property.**

The pact de non alienando in a recorded act of mortgage makes a subsequent mortgage or other disposition of the property ipso jure void so far as the original mortgagee and his assigns are concerned.

2. **Adverse possession ⟨⟩74—Prescription; ten-year prescription under sheriff's sale must be reckoned from date of sale.**

The prescription of ten years under a sheriff's sale should be reckoned from the date of the sheriff's sale and not from the date of service of notice of seizure, since under Civ. Code, art. 3479, the possession necessary to support the plea must be in virtue of a deed sufficient on its face to transfer the title.

3. **Mortgages ⟨⟩499—Act of seizure by sheriff in foreclosure proceedings held sufficient.**

In foreclosure proceedings it was a sufficient seizure for the sheriff to go on the land with a mortgagor who was yet in possession and who pointed out and identified the land as being that described in the writ.

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Petitory action by Jean Baptiste Maisonneuve and others against Francis K. Martin and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Martin & Martin, of St. Martinsville, for appellants.

James D. Simon and Dan W. Voorhies, both of St. Martinsville, for appellees.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. This is a petitory action for about 35 arpents of land. There was judgment for the plaintiffs, and the defend-

ants, Francis K. Martin and George Smith, have appealed.

They bought the land from H. & C. Newman, on the 31st of December, 1914. The Newmans had bought it, with four other tracts of land, at a sheriff's sale, dated the 24th of April, 1909, made in foreclosure of a mortgage against Joseph Pellerin. He had bought the land in dispute from Godfroid Pellerin, on the 17th of December, 1903, for $2,300. Only $200 of the price was paid in cash. The balance was represented by four promissory notes of Joseph Pellerin, payable to his own order and indorsed by him, and secured by a mortgage and vendor's lien reserved in the act of sale. The act contained the usual confession of judgment and the stipulation that the purchaser of the property should not sell or mortgage it to the prejudice of the vendor's lien or mortgage, or to the prejudice of any future holder of the promissory notes aforesaid. The deed was recorded on the 18th of December, 1903, in the current conveyance and mortgage records of the parish in which the land is.

The mortgage given by Joseph Pellerin to H. & C. Newman, on the land in contest and on the four other tracts, was given on the 2d of March, 1905, and was, of course, subject to the mortgage and lien already recorded, securing the promissory notes of Joseph Pellerin. The notes were bought by the Reverend Antoine Maisonneuve, and, several months after H. & C. Newman had foreclosed their mortgage, the Reverend Maisonneuve foreclosed his mortgage by executory proceedings against Joseph Pellerin, and became the purchaser at the sheriff's sale, on the 11th of September, 1909.

[1] By virtue of the pact de non alienando, in the act of sale from Godfroid Pellerin to Joseph Pellerin, the Reverend Antoine Maisonneuve, being the holder of the promissory notes secured by the vendor's lien and mortgage retained in the act, had the right to disregard the subsequent mortgage and sale to H. & C. Newman, and to proceed against Joseph Pellerin as if he had retained the title to the property. The pact de non alienando, in a recorded act of mortgage, makes a subsequent mortgage or other disposition of the property, ipso jure, void, so far as the original mortgagee and his assigns are concerned. Lawrence v. Burthe, 15 La. 267; Pittman v. Obercamp, 23 La. Ann. 342; Dodds v. Lanaux, 45 La. Ann. 287, 12 South. 345; Thompson v. Whitbeck, 47 La. Ann. 49, 16 South. 570. See, also, Nathan v. Lee, 2 Mart. (N. S.) 32; Donaldson v. Maurin, 1 La. 29; Nicolet v. Moreau, 13 La. 315; Moss v. Collier, 14 La. 133; Carter v. Caldwell, 15 La. 471; Pepper v. Dunlap, 19 La. 491; Murphy v. Jandot, 2 Rob. 378; Dodd v. Crane, 6 Rob. 58; Haley v. Dubois, 10 Rob. 54; Barrow v. Bank of Louisiana, 2 La. Ann. 453; Snow v. Trotter, 3 La. Ann. 268; Stanbrough v. McCall, 4 La. Ann. 324; Guesnard v. Soulie, 8 La. Ann. 58; Lee v. Packard, 25 La. Ann. 397; and Carre Co. v. International Car Co., 128 La. 664, 55 South. 9.

[2] The defendants pleaded the prescription of 10 years, under the sheriff's sale to H. & C. Newman. The plea was not well founded because the citation in this case was served within ten years from the date of the sale. The attorneys for defendants argue that the 10 years should be reckoned, not from the date of the sheriff's sale, but from the date of service of the notice of seizure, under which the sheriff's sale was made. We agree with the ruling of the district judge that the ten years must be reckoned from the date of the sheriff's sale. According to article 3479 of the Civil Code, the possession necessary to support the plea must be in virtue of a deed sufficient on its face to transfer the title.

[3] In answer to this suit, the defendants

alleged that the sheriff had not actually seized the land in dispute, in the foreclosure proceedings by the Reverend Antoine Maisonneuve against Joseph Pellerin. On the contrary, the sheriff, who made the seizure, testified that he went upon the land with Joseph Pellerin, who was yet in possession, and who pointed out and identified the land as being the same that was described in the sheriff's writ. Our opinion is that there was enough formality about the seizure to make it effective and valid.

There appears to be no dispute about the amount of rent allowed the plaintiffs in the judgment appealed from, or dispute about the judgment rendered against H. & C. Newman, as warrantors of the defendants' title.

The judgment is affirmed at appellants' cost.