LANDRY, Judge.
Plaintiff, Shirley Rita D. Shiflett, takes this appeal from the judgment of the trial court sustaining defendant’s motion for summary judgment rejecting appellant’s suit for recognition as equal co-owner with defendant of certain real property situated in East Baton Rouge Parish.
The sole question presented herein is one of law, namely: Is a divorced wife a necessary party to a foreclosure, by execu-tory process, of a valid mortgage executed by her former husband during the existence of the marriage, and covering property belonging to the community of ac-quets and gains then existing between the spouses ? In sustaining defendant’s motion for summary judgment, the trial court answered the foregoing question in the negative. We find his decision eminently correct.
The facts of the present controversy are not in dispute. The salient circumstances, detailed in the affidavit filed in support of defendant’s motion for summary judgment, may be summarized as hereinafter appears.
On January 17, 1956, Norman E. Shiflett (then husband of appellant Shirley Rita D. Shiflett, born Dufresna) executed in behalf of the community of acquets and gains then existing between said husband and wife, a vendor’s mortgage in favor of Baton Rouge Savings & Loan Association covering property belonging to the community. The act of mortgage contained a confession of judgment and a pact de non alienando. Said mortgage and the note secured thereby were executed by the husband as sole maker and endorser. The act of hypothecation was, however, signed by appellant for the exclusive and restricted purpose of joining in the waiver of homestead exemption included therein.
*33 By executory proceedings conducted in the Nineteenth Judicial District Court, East Baton Rouge Parish, the aforesaid mortgage was foreclosed by the named mortgagee. In the proceedings the subject property was duly adjudicated to defendant Brewer to whom title was conveyed by the Sheriff.
Subsequently, the mortgagor, Norman E. Shiflett, instituted suit against defendant Brewer to annul the sale made pursuant to the aforementioned executory proceeding. In both the trial court and on appeal to this court, defendant’s title was declared valid. See Shiflett v. Brewer No. 6833 on the docket of this court.
Thereafter defendant Brewer filed eviction proceedings in the Nineteenth Judicial District Court seeking to oust defendant' Norman E. Shiflett from possession of the property in question. In that action Brewer was granted possession by the trial court which determination was affirmed by this court on appeal. See Brewer v. Shiflett, La.App., 198 So.2d 704.
In this present action, plaintiff, the now divorced wife of Norman E. Shiflett, seeks recognition as owner of an undivided half interest in subject property and prays for a partition thereof by licitation. Plaintiff’s claim herein is based on her having filed a suit against her former spouse for partition of the property belonging to the community which had existed between them, incidental to which said partition suit plaintiff duly recorded a notice of lis pendens on July 23, 1965, which filing preceded the judicial sale to defendant Brewer which transpired January 5, 1966.
As we understand it, appellant’s position is that recordation of the notice of lis pendens, prior to the sheriff sale to defendant in the foreclosure proceedings instituted against her former husband alone, preserved appellant’s one-half undivided interest in the mortgaged property thereby constituting her an indispensable party to said foreclosure proceeding. Stated otherwise, appellant contends that recordation of the notice of lis pendens placed the foreclosing creditor on notice of her claim to an outstanding one-half interest in the property under seizure and failure of the seizing creditor to join her as a party in the foreclosure proceeding vitiated the effect of the foreclosure sale insofar as appellant’s half-interest is concerned.
Defendant-appellee, however, relies upon the provisions of LSA-C.C.P. Article 2701, which in substance provides that a mortgage evidenced by authentic act importing a confession of judgment, affecting property sold by an original debtor to a third person, may be enforced against the mortgaged property without regard to its sale or alienation to the third party purchaser or transferee. In this connection appellee cites and relies upon Maisonneuve v. Martin, 155 La. 938, 99 So. 704, and First Nat. Bank of Shreveport v. Houseman, 181 La. 886, 160 So. 618, which hold that the purpose of the cited codal authority is to authorize the mortgagee to disregard all subsequent alien-ations and proceed as though the original debtor owned the property in all instances where a mortgage sought to be foreclosed is evidenced by authentic act and contains a stipulation binding the mortgagor not to alienate the property affected to the prejudice of the creditor.
Although appellant concedes the rule urged by appellee, nevertheless appellant maintains the principle is inapplicable to the case at hand because appellant is not claiming under the provisions of LSA-C.C.P. 2701, but rather is asserting an ownership interest in subject property. This is, indeed, a distinction without a difference. The rights herein asserted are predicated upon the failure of the seizing mortgage creditor to implead appellant in the foreclosure proceeding. Upon this circumstance alone, appellant bases her cause of action herein.
*34 In First Nat. Bank of Shreveport v. Houseman, supra, a Supreme Court decision squarely in point, the facts involved were even more favorable to the claimant wife than in the case presently at hand. In the cited authority the husband executed a mortgage on community property during the existence of the marriage. Thereafter, the husband and wife were divorced and in an ensuing property settlement, the mortgaged property was conveyed by the husband to the wife. Subsequently the mortgage was foreclosed in a proceeding instituted against the husband alone. The wife intervened in the foreclosure proceeding contending that as record owner when the proceedings were instituted, she should have been made a party defendant therein. The Supreme Court rejected this contention in the following language:
“All the transactions between Houseman and the bank occurred prior to the transfer of the mortgaged property by Houseman to the opponent. As the act of mortgage contained the pact de non alien-ando, the subsequent acquisition by opponent of the mortgaged property was of no effect so far as- the mortgage was concerned.
The pact de non alienando in a recorded act of mortgage makes a subsequent mortgage or other disposition of the property ipso jure void so far as the original mortgagee and his assigns are concerned. Maisonneuve v. Martin, 155 La. 938, 99 So. 704.”
Slayton v. Swor, La.App., 195 So. 85, again applied the rule announced in the Maisonneuve and Houseman cases, supra, in an action factually identical to the case at bar. In the Slayton case, supra, it was held the petition of the wife asserting an undivided half interest in the property concerned' did not state a cause of action.
The jurisprudence noted clearly recognizes and establishes that the unmistakable intent of Article 2701, supra, is to permit foreclosure of such mortgages by proceedings instituted solely against the debtor who mortgaged the property and that any subsequent changes in ownership may be ignored by the seizing creditor.
The rights of third persons who are not joined as parties in instances of this nature are set forth in detail in our Code of Civil Procedure. LSA-C.C.P. Article 2702 provides that the third party transferee who has assumed the initial obligation may pay the balance due or arrest the seizure and sale on any of the grounds contained in LSA-C.C.P. Article 2751, none of which bases are applicable to the case at bar. Additionally, LSA-C.C.P. Article 2703(3) authorizes intervention in the foreclosure proceeding by a third party transferee to recover the enhanced value of the property due to improvements placed thereon by such intervenor or any prior third possessor through whom intervenor claims the mortgaged property. No claim is made herein by appellant pursuant to Article 2703(3).
Appellant seems to place considerable stress upon the fact that a notice of lis pendens was filed prior to foreclosure in the instant case. The filing of such notice can neither add to nor detract from such rights as appellant possessed. The notice merely preserved those privileges existing in appellant’s favor on the date of recordation.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.