## ARMOR, Executrix, *v.* DOWNES.

Where several notes, payable at successive periods, and secured by the same mortgage, have all matured, the holder of those which matured the last may obtain an order for the seizure and ssle of the property, without proving that the other notes have been paid. If unpaid, the fact should be shown, when the holders may claim to participate in the proceeds of the mortgaged property.

APPEAL from the District Court of Madison, *Curry, J.*
*Shaw* and *Lawrence*, for the plaintiff. *Pepper* and *Amonett*, for the defendant. The judgment of the court was pronounced by

KING, J. The defendant executed four promissory notes, payable to *James Armor* at different dates, and gave a special mortgage, by authentic act, to secure their payment. The executrix of *Armor* being in possession of the two notes thus secured, which last matured, obtained an order of seizure and sale of the hypothecated property, from which the defendant has appealed.

The appellant contends that the judgment was improperly rendered upon two of the notes. That the property can only be seized and sold to satisfy the whole debt which it was mortgaged to secure, on the principal that the mortgage is indivisible, and that the holders of the different notes are entitled to par-

ticipate in the distribution of the proceeds of the hypothecated property. In support of that position, he invokes the 586th article of the Code of Practice, and the decision in the case of *Pepper* v. *Dunlap*, 16 La. 163. The former provides that, " when the seizing creditor has a privilege or special mortgage on the property seized for a debt of which all the instalments are *not yet due*, he *may demand* that the property be sold for the whole of the debt, provided it be on such terms of credit as are granted to the debtor by the original contract." In the latter it was held that, when the seizing creditor only sues for such instalments of a debt, secured by special mortgage, as are due, the property mortgaged is to be sold for the whole of the debt, on the terms of credit granted by the original contract, and that this may be claimed by the creditor without showing that he is the owner of the subsequent instalments, it being sufficient to mention the latter in the petition. See also 10 Rob. 49. The principle here recognized, however correct, we deem inapplicable to the circumstances of the present case. Here all the instalments became due long before the institution of the present proceedings. If the two notes which first matured be still unpaid, the fact should have been shown affirmatively, in order to bring the case within the operation of the rule established in the case of *Pepper* v. *Dunlap;* otherwise a decree might be rendered for the sale of property, to satisfy a debt which had already been extinguished. The fact of their non-payment is not alleged in the petition, nor has it been made otherwise to appear. If the notes which first matured be unpaid the holders may still protect their rights, and claim to participate in the proceeds of the mortgaged property.

*Judgment affirmed.*