## A. LEDOUX v. SAMUEL JAMIESON.

When a person appointed a Notary Public for the Parish of Orleans, ceases to be such, the law, (see Statute 1857, p. 85, § 3,) makes it the duty of the Governor to designate, by order, under the seal of the State, the Notary to whose custody, the records of the former Notary shall be consigned, and Courts are bound to presume when a Notary of the Parish of Orleans certifies that he has in his custody the record of a former Notary of the Parish, that the Governor has properly discharged his official duty, and has designated him, the Notary, as the custodian thereof.

Where several notes, payable at successive periods, and secured by the same mortgage, have all matured, the holder of the last may obtain an order of seizure without proving that the others have been paid.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*P. H. Morgan, for plaintiff.*—1. There is no force in the first objection made by the appellant.

The copy is as authentic a one as it was possible for plaintiff to procure.

It is certified to by the notary to whom the records of the notary before whom the act was passed had been confided.

In the case cited by the counsel from the 4 N. S., p. 153, it was decided that "executory process cannot be issued on a mortgage containing mutual covenants, which was never accepted by the mortgagee, there being no evidence that the latter ever bound himself to the implied covenants contained in the act."

In the case referred to in 6 Ann. p. 477, it was decided that "where a note secured by mortgage is endorsed by the payee to a third person, the endorsee cannot issue executory process on the mortgage, without authentic evidence of the endorsement."

But in the case at bar there is no question of any mutual covenants between the parties, or of the non-acceptance by the mortgagee.

On the contrary, they were both present at the confection of the act, and it was accepted by both.

Neither is there, or can there be, any question as to the ownership of the note or the genuineness of the endorsee's signature. The notes were made by Samuel Jamieson, payable to his own order and by him endorsed, and they were given to the plaintiff himself, and are mentioned in the act of mortgage upon which the executory process issued. They were given to him by the defendant, and he now asks the defendant to pay them. The notes in the possession of the plaintiff, and the mortgage given to secure their payment, is the evidence of his title. It is moreover submitted, that the holder of a note, payable to the order of the maker, and by him endorsed in blank, is not obliged to prove title. Possession is title.

2. If the existence of the note for $1,850 has been ignored by the plaintiff, it may be that it was ignored because it had no existence when the suit was instituted.

It is not seen how the case quoted from 16 La. p. 169, benefits the appellants. The question there was whether the holder of one or more of a series of notes, some of which were not due, could cause the property mortgaged to be sold without reciting all of the notes, and asking that the sale be made to satisfy the notes ; the notes that were not due as well as those whose term of payment had arrived. Of course the Court, under Art. 686 C. P. decided, "as a rule of practice," that when a seizing creditor only sues for such instalments of a debt secured by privilege or special mortgage as are due, the property so mortgaged is to be sold for the whole of the debt, on such terms of credit as are granted by the original contract, although such creditor does not show that the subsequent instalments belong to him, or that he is the holder of all the notes mentioned in the contract of mortgage."

But there is no question here of any note to become due subsequent to the maturity of the ones sued upon. On the contrary, the act of mortgage and the notes show that they were all given to the plaintiff, and that the note, whose "existence is ignored," was long past due when executory process issued, and it has been expressly decided, that "when several notes, payable at successful periods and secured by the same

mortgage have all matured, the holder of the last may obtain an order of seizure without proving the others have been paid." *Armon* v. *Downes*, 2 A. 242.

This is a simple action upon a promissory note secured by mortgage, upon which, after all the forms required by law had been complied with, executory process issued. The appeal was only intended for delay, and damages for a frivolous appeal should be awarded against him.

*Durant & Horner, for defendant.*—Defendant appeals from an order of seizure and sale, and relies on the following points and authorities.

1. The authentic act on which the suit is brought is before Grima, N. P., and is not certified in conformity to law. There is no authentic copy on the record. C. P. 142, 174 ; 4 A. 153 ; 6 A. 477.

2. The writ has not been ordered to issue in conformity to the terms of the mortgage. There has been no provision made for the outstanding note for $1,850, at one year's date, and its very existence has been ignored in plaintiff's petition. *Pepper* v. *Dunlap*, 16 La. 169 et seq.

Wherefore defendant and appellant prays that judgment be rendered in his favor, with costs and general relief.

HYMAN, C. J. Defendant has appealed from an order of seizure and sale, granted by the Judge of the Sixth District Court of New Orleans.

Defendant, in order to obtain the reversal of the fiat of the Judge, contends that the copy of the act of mortgage, which forms a part of the evidence on which the order was granted, was not certified in conformity to law.

No objection can be raised to the form of the certificate, as it is sufficiently formal, and the question, whether the copy is in conformity to law depends on the solving of two questions. 1. Whether the notary who certified the copy was the legal custodian of the original record ? 2. Whether, as custodian of the original record, he could legally certify to a copy thereof ?

The original act, which is in authentic form, was passed before Felix Grima, a Notary Public of the Parish of Orleans. On his ceasing to be a notary the act passed in to the custody of Theodore Guyol, a notary of said parish ; and on his ceasing to be a notary it passed into the custody of Felix McCulloch, also a notary of said parish, who certified that the copy in evidence, was a true copy of the original act in his custody, as successor of Theodore Guyol, late Notary Public.

When a person appointed a Notary Public for the Parish of Orleans, ceases to be such, the law, (see statute 1857, p. 85, § 3,) makes it the duty of the Governor to designate by order, under the seal of the State, the notary to whose custody the records of the former notary shall be consigned, and Courts are bound to presume when a Notary of the Parish of Orleans certifies that he has in his custody the record of a former notary of the parish, that the Governor has properly discharged his official duty, and has designated him, the notary, as the custodian thereof.

The notary who certified to the copy of the original act, being the legal custodian thereof, was the proper officer so to certify, and his certificate makes proof of which is contained in the original. See Civil Code Art. 2247.

Defendant further contends that the order of seizure and sale was improperly granted, because the mortgage was given to secure the judg-ment of another note, besides the notes to enforce the payment of which the order was granted, and that the order should have provided for the payment of the outstanding note. The outstanding note was due before the order of seizure and sale was granted.

This question of practice has been settled in the case of *Armon, Executrix,* v. *Downes,* 2 Ann. 243.

The decree of the District Judge is affirmed, with costs.

Howell, J., recused.