## No. 6376.

### Widow Ursin Soniat vs. Thos. Miles et al.

Where the holder of two of three mortgage notes, secured by the same mortgage on certain property, proceeds by due legal process and forecloses the mortgage, and buys in the property, the holder of the third mortgage note has no right to seize the property in the hands of the purchaser, and thus disregard the foreclosure, on the ground that the property had been sold without appraisement, when it appears that an appraisement was waived by an express stipulation in the act of mortgage, and when it further appears that such holder was tendered and refused his share of the purchase price of the property.

Unless the contrary appears, it will be presumed that the sheriff in making a judicial sale, gave all of the notices required by law.

A mortgagee who proceeds regularly under executory process to foreclose a mortgage which he holds concurrently with other mortgagees, is not required to give any special notice of his proceeding to his co-mortgagees.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom,* J.

*Victor Olivier, Jr.,* and *Edward Phillips* for plaintiff and appellant. *Robt. Mott* for defendant and appellee.

V. Olivier, Jr., and Edward Phillips, for plaintiff and appellant, contended:

First—Where several notes for different amounts, but in all other

respects precisely alike, and due at the same time, are secured by the same mortgage, but held by different parties, the holder of one of them cannot cause the mortgaged property to be sold for cash, and without appraisement, without notifying the holders of the other notes in any manner, or causing them to be represented.

Second—Such holder cannot have such property sold at all *for payment of his notes alone.* It must be sold for the payment of the *whole debt.*

Third—The sale of the property under the same or a *concurrent mortgage,* or to pay one or a portion of the notes secured by the same, or a concurrent mortgage, and held by different parties, and all due at the same time, does not release the mortgage as to the notes held by such third parties, and not embraced in the application for such sale. 16 La. 169; C. C. 3282; 30 An. 1314; 14 An. 654; 6 An. 306, 313.

Robert Mott, contra, contended:

The plaintiff, Miles, had an undoubted right to foreclose the mortgage, and to have the whole of the property sold to pay whole amount of the debt, so far as the proceeds would go. C. P. 686.

The mortgage is indivisible, and prevails over all the immovables, and each and every portion thereof. C. C. 3249 ; R. C. C. 3282 ; Howard vs. Schmidt, 29 An. 126.

The appraisement having been waived, the property was legally sold without appraisement. Insurance Company vs. Bagley, 19 An. 89; Broadwell vs. Rodriquez, 18 An. 68; Jouet vs. Mortimer, 29 An. 206, 129; 21 An. 529, 624; 5 An. 306; 16 An. 170.

———

The opinion of the court was delivered by

DeBlanc, J. In this case, plaintiff's demand was dismissed on the ground that her petition does not disclose a cause of action.

What does she allege ? That—in a notarial act, passed on the 25th of February 1868—one J. M. Hall acknowledged to be indebted to L. F. Generes, in the sum of $12,000, and—to evidence that indebtedness—subscribed three notes payable one year after date, to his own order, by him indorsed, the payment of which he secured by a mortgage. That, on the 10th of January, 1870, the property subject to that mortgage was sold by Hall to one Brown, who assumed the payment of said notes, which passed, one to her, the others to Thomas Miles ; and that—on the 4th of May 1875—she obtained against Brown, and on the note which had passed to her, a judgment recognizing the validity of the mortgage securing its payment, and ordering the sale of the mortgaged property.

She also alleges that—on the 21st of July 1874—Miles had caused

to be seized and advertised for sale, without the benefit of appraisement and for cash, the property twice hypothecated, first by Hall and then by Brown, to secure their respective claims, and that—on the 9th of November—" nearly six months before her judgment was obtained "—the property thus seized, was sold and adjudicated to Miles for $4000 ; but that—in so far as she is concerned—the mortgage hereinbefore mentioned and granted by Hall in 1868, has not been legally extinguished, and is still properly recorded.

This is the substance of what plaintiff alleges, and she prays for a judgment against Hall & Brown, *in solido,* for the amount of her note, and—besides—for the recognition of the vendor's lien and privilege resulting from the sale and assumpsit of the 10th of January, and that the property on which it bears be seized and sold, and the proceeds of the sale applied to the satisfaction of her claim.

Hall and Miles are absent from the State, and Robert Mott Esq., who was appointed to represent them in this suit, excepted to plaintiff's demand—1st : because the court before which it was brought, is without jurisdiction as to the question therein involved—and 2d : because her petition sets forth no cause of action.

That exception was maintained, plaintiff's claim rejected, and she appealed.

What does she judicially admit ? " That Thomas Miles, the holder of two of the three notes delivered by Hall to Generes, foreclosed the mortgages securing their payment, and that at a sheriff's sale, made under an order of court, he bought the property subject to those mortgages, for $4000—the whole of which, less $320 52, was applied to the satisfaction of taxes and costs."

She does not, in her pleadings, contest—in any way or for any cause—the validity of the sale from the sheriff to Miles, but merely complains that—according to one of the stipulations of the act of mortgage—the property adjudicated to him was sold without appraisement, and contends that said property should again be seized and again sold to satisfy the judgment which she obtained against Brown, nearly six months after its adjudication to Miles.

" When a debt, secured by mortgage, is due in several installments, and the assignee of the second causes the property to be seized and sold, the sale gives a complete title to the purchaser, and the creditor of the first installment cannot seize the property in his hands," unless *he alleges and proves* that the sale is an absolute nullity, or unless he proceeds against that purchaser, by the hypothecary action, for any proportion of the price to which he may be entitled, under a prior or concurrent mortgage.

5 N. S. 149.   C. P. 690, 679, 683, 709.   24 A. 382.

Here, plaintiff was tendered, and declined to receive what is alleged to be her share of the net proceeds of the price at which the property was adjudicated to Miles, with the interest which had thereon accrued, and insists that—inasmuch as the note she holds is secured, as were those of Miles, by the mortgage which he has foreclosed, that mortgage —as to her—has not been extinguished.   That is true, but the very authorities upon which she relies leave no doubt that—now—the common mortgage secures—not the entire amount of her original claim— but the proportion of the price of the hypothecated property to which she is entitled, which was tendered to and refused by her.

5 A. 306.   16 L. 170.   C. P. 709.

We are referred to the article of the Code which declares that, " in its nature, the mortgage is indivisible, and prevails over each and every portion of all the immovables subjected to it."   The indivisibility of the mortgage—as said by Paul Pont—is no obstacle to the division of the principal obligation, if that obligation be divisible."   In this instance, three separate notes were delivered, and the mortgage consented in favor of Generes *and such person or persons* who may eventually be the holder or holders of the same.   This is one of the express stipulations of the parties' contract, and under that stipulation—if not otherwise— Miles and the plaintiff could, as holders of said notes, proceed either collectively or separately to enforce the mortgage, and cause *the whole of the property* to be seized and sold *subject to the mortgage.*

This is the law, and we are bound to presume that it was complied with, as it commands that, when the sheriff puts up property for sale, he shall give notice, before he commences the crying, that it is sold *subject to all privileges and hypothecations* of whatsoever kind they may be, with which the same is burdened.

C. P. 679.

Could Miles have foreclosed the mortgage, without notice to plaintiff?   " He applied to a court of justice; from that court he obtained an order of seizure and sale ; under that order a writ was issued, placed in the hands of a public officer ; he effected a seizure of the hypothecated property, and advertised, in the official journal, when, where and on what conditions it would be sold ; and—as to those who held prior or concurrent mortgages—the law requires no other notice than that which was then given."

29 A. 133.

As to Hall, plaintiff alleges that he is an absentee, but does not allege that he owns property in the State, and—under these circumstances—no personal judgment could be rendered against him.   As to Brown, he was regularly cited, did not appear or answer, and—inasmuch as the decree of the lower court merely sustained an exception filed in the

names and in behalf of exclusively the other defendants—this suit, as to him, is still undecided and pending in said court.

Considering the facts which we have recited, we conclude that—as regards the proportion to which she is entitled, out of the proceeds of the sale of the 9th of November 1874, plaintiff's action should have been maintained, that proportion fixed, and—to secure its payment—her mortgage recognized. As, however, no evidence was taken to that effect, this cause must be remanded.

It is, therefore, ordered, adjudged and decreed that—as concerns J. M. Hall—the judgment appealed from is affirmed, and—as concerns Thomas Miles, annulled, avoided and reversed—one half of the costs of appeal to be paid by plaintiff, the other half by Miles.

It is further ordered that this cause be remanded to the lower court, there to be proceeded with according to the views herein expressed and according to law.