Levy, Jr. vs. Lake et al.

No. 306.

S. LEVY, JR., VS. JOHN LAKE, SHERIFF, ET. AL.

The holder of a mortgage with the pact *de non alienando* who has proceeded against the mortgagee *via ordinaria* and recovered a judgment for his debt, with recognition of his mortgage, has the right to issue a *fi. fa.* on such judgment and to seize the mortgaged property regardless of alienations which are inoperative against such a mortgage, and without notice to, or process against, the third possessor, affirming Bienvenu vs. Ins. Co., 33 An. 218.

A PPEAL from the First District Court, Parish of Caddo. *Taylor. J.*

*Land & Land* for Plaintiff and Appellant.

*Wise & Herndon* for Defendants and Appellees.

The opinion of the court was delivered by

FENNER, J.   Cahn, who was a creditor of S. N. Ford on a debt secured by a special mortgage on property of Ford containing the fact *de non alienando,* proceeded *via ordinaria* against Ford to obtain judgment against him for the debt, together with the recognition and enforcement of his mortgage.

The suit resulted in the following judgment:

" Wherefore, the law and the evidence being in favor of plaintiff, it is by reason thereof ordered, adjudged and decreed that plaintiff do have and recover of defendant, S. N. Ford, the sum of $3610.20, with 8 per cent. interest from March 1, 1888, and 5 per cent. thereon as attorney fees, and that plaintiff's special mortgage be recognized on lots 5, 6, 7 and 8, of block 61, of the city of Shreveport."

He proceeded to issue a writ of *fi. fa.* on this judgment, under which he seized the property on which his mortgage rested, which mortgage is expressly recognized by the judgment.

He is met by this injunction suit instituted by plaintiff, who alleges that he is the owner of the property under a judicial sale made in execution of a junior mortgage placed thereon by Ford, and contends that the property can not be seized under Cahn's judgment against Ford, but that Cahn must resort to the hypothecary action and give him the notices required in such an action.

We think the contention is silenced by our decision in the case of Bienvenu vs. Insurance Company, 33 An. 218, where we said: "Appellant contends that Bienvenu, having taken a judgment against Lalaurié, and having issued a *fi. fa.* under his judgment, could not in law proceed against appellant's property without process against him. It is not disputed that by proceeding *via executiva*, the holder of a mortgage containing the pact *de non alienando*, can ignore any subsequent alienation of his mortgagor and follow the property in any hands without notice to the subsequent vendee or possessor. And it, therefore, appears that we are called upon to recognize a difference as to the mortgage rights of plaintiff between the two modes of proceeding. But such a difference does not exist either in reason, logic or law. The holder of a mortgage importing confession of judgment is authorized by law to proceed by executory process against his debtor's property, and we can not see how any of his mortgage rights can be restricted by a judgment of a competent court condemning his debtor personally to pay the debt and recognizing his mortgage rights. We understand, on the contrary, that by such a judgment the rights of the creditor are enlarged instead of being curtailed or abridged.

"We are at a loss, therefore, to perceive any strength in the position that a creditor, proceeding *via ordinaria*, is debarred from following the property of his mortgagor in the hands of any vendee, and without process against such vendee."

The foregoing decision covers this case like a blanket. It would indeed be a strange anomaly to hold that a creditor having a mortgage, with the non alienation clause evidenced only by an authentic act and only importing a confession of judgment for the debt claimed, can seize the mortgaged property in the hands of any third possessor without notice to, or process against, him; but that when he not only holds the same authentic evidence of the mortgage, but has had in addition his debt and mortgage ascertained and recognized by a final judgment of a competent court, he thereby forfeits his right to invoke the same remedy.

The fact that the decree did not specifically order the seizure and sale of the mortgaged property, is of no moment. The judgment recognizing the mortgage recognized all its stipulations and authorized its enforcement in the manner and to the extent which those stipulations, under the law, justified, including the right, under the

non-alienation pact, to seize the mortgaged property regardless of any alienation, which was inoperative against such a mortgage, and without necessity of notice or process to or against any party but the mortgage debtor himself.

We notice the prayer for an amendment of the judgment by increasing the damages allowed, only to say that the allowance made by the District Judge is conservative, and sufficient to satisfy the requirements of justice.

Judgment affirmed.