## No. 11,604.

MRS. MARY CORINNE WARREN FLEITAS, WIFE OF FRANCOIS B. FLEITAS, VS. JULES MERAUX.

The final judgment of a court of competent jurisdiction is *res judicata* between the parties, their privies, assigns or *ayants causes.*

A mortgage containing the pact *de non alienando* may be foreclosed against the mortgaged property without making a subsequent purchaser of the mortgaged property a party defendant.

In a petitory action where the plaintiff's title rests on a judgment, the defendant can attack the same. After a final judgment has been rendered, it is too late, in subsequent litigation between the parties to the original suit, to supply omissions of evidence and pleas which should have been urged in the first instance.

When a case is transferred to the United States courts from the State courts on the ground of non-residence in the State, it is accepted as it stood on the docket of the court from which it was removed, and the Federal Court has jurisdiction to pass upon the issues raised in the pleadings.

A PPEAL from the Twenty-second District Court, Parish of St. Bernard. *Livaudais, J.*

### STATEMENT OF FACTS.

This is a petitory action in which plaintiff claims to be declared the owner of certain property described in her petition.

The facts are:

The plaintiff, when she married her husband, received from her parents the sum of twenty thousand dollars, by virtue of the marriage contract. Her legal mortgage was placed on record in the parish of St. Bernard. The husband went into bankruptcy in 1876, but did not place the wife's debt on his schedule. On the 25th April, 1877, the husband obtained his discharge from the bankrupt court for the Eastern District of Louisiana. On the same day the legal mortgage of the wife was canceled on the records of the mortgage office in St. Bernard parish by virtue of a judgment of the United States Circuit Court. Two days after his discharge in bankruptcy F. B. Fleitas, the husband, purchased the Corinne plantation, situated in the parish of St. Bernard, and some five years after this purchase he acquired the Myrtle Grove plantation in the same parish. These two plantations were mortgaged by the husband to Gilbert M. Richardson for sixty-three thousand dollars, and the mortgage was duly recorded in the parish of St. Bernard on the 29th day of May, 1884.

After the execution of this mortgage the plaintiff's wife instituted suit against her husband for separation of property, and a dissolution of the community.   In this suit there was judgment in her favor on the 10th September, 1887, and also the recognition of her claim and legal mortgage for twenty thousand dollars.   Under her judgment the two plantations were seized and sold, and the wife became the purchaser.   On the 30th December following, the plaintiff instituted a petitory action against W. F. Mellen, Gilbert M. Richardson *et als.* for the plantations, and this suit was accompanied by an injunction restraining Richardson from executing his mortgage on the plantations.   This suit was removed by defendants to the United States Circuit Court for the Eastern District of Louisiana.   In that suit, the wife bases her demand upon the judgment in her favor, in the suit against her husband for separation of property, and reiterates the allegations therein made.   The validity of her legal mortgage is asserted, and the discharge of the bankrupt husband from his indebtedness to her denied on the grounds that she was not separate in property from her husband at the time the assignment in bankruptcy was made; that the recordation of her mortgage operated not *in præsenti* but *in futuro*, and that said mortgaged debt was fiduciary in character, and not provable in bankruptcy.   That she had never given her consent to the erasure and cancellation of her legal mortgage.   The prayer of her petition was to have full and complete title to the two plantations purchased by her in satisfaction of her legal mortgage, and for the perpetuation of the injunction.

The defendant's answer denied the existence of the claim and legal mortgage of the wife, averring their cancellation by the discharge in bankruptcy, charged the judgment of separation with being fraudulent and collusive, and alleged the mortgage of Gilbert M. Richardson to be the first mortgage on the property, unaffected by the sheriff's sale to the plaintiff.

The decree of the United States Court rendered June 12, 1889, dismissed the suit of the plaintiff, Mrs. Fleitas, and on appeal to the United States Supreme Court this decree was affirmed. 147 United States Reports, 550.

On the 29th June, 1888, Gilbert M. Richardson obtained from the United States Court executory process on his mortgage on the two plantations.   This proceeding was delayed by a suspensive appeal from the order of seizure and sale by the husband, F. B. Fleitas, and

Mrs. Fleitas' injunction. After the dismissal of the appeal of F. B. Fleitas and Mrs. Fleitas' suit and injunction, the executory proceeding of Gilbert M. Richardson was enforced and Albert L. Richardson became the purchaser of the two plantations. Albert L. Richardson sold a part of one the plantations, the Myrtle Grove, to the defendant herein. It is against this defendant that the present suit is directed. Mrs. Fleitas alleges that the tract of land conveyed to him was a part of the Myrtle Grove plantation, to which she acquired title by virtue of her purchase under the judgment recognizing her legal mortgage. The defences urged are substantially the same as in the suit of Mrs. Fleitas vs. W. F. Mellen, Gilbert M. Richardson *et als.*, and a demand in reconvention for the quieting of defendant's title, the annulling of plaintiff's deed and the erasure from the records of said deed. On the day of trial defendant filed his plea of *res adjudicata.*

The defendant acquired title to the property after decree was rendered in the suit of Mrs. Fleitas vs. Gilbert M. Richardson *et als.* in the United States Circuit and Supreme Courts.

---

*Henry J. Rhodes* for Plaintiff and Appellee; *Harry L. Edwards* of Counsel:

The bankrupt act of 1867 held as sacred all liens and mortgages. It never attempted to discharge them, but recognized that their effect and operation were controlled entirely by the State or local law.

The mortgage of Mrs. Fleitas could only be enforced at the dissolution of the marriage, or by a suit for a separation of property in accordance with Arts. C. C. 2367 (2346), 2368 (2347) and 2425 (2399).

So long as it remains wholly uncertain whether a contract or engagement, or mortgage, will ever give rise to an actual duty or liability, and there is no means of removing the uncertainty by calculation, such contract or engagement, or mortgage, is not provable under the act. Riggin vs. Magwire, 15 Wall. 549.

---

*Thomas J. Semmes* and *Sambola & Ducros* for Defendant and Appellant:

A mortgage with the pact *de non alienando* may be foreclosed against the debtor and mortgaged property, without making any subsequent purchaser of the mortgagor a party defendant to the executory process, especially when this purchaser's title has been judicially declared a nullity. 15 La. 269; 10 R. 54; 4 An. 325; 23 An. 340; 26 An. 618; 42 An. 123.

A discharge in bankruptcy, under the late act of Congress, released the bankrupt from his wife's paraphernal claim and legal mortgage existing at the time of his adjudication in bankruptcy. U. S. R. S., Secs. 5114, 5115, 5117, 5119; R. C. C. 2384, 2387, 2391, 2425; C. P. 105; 8 N. S. 230; 10 La. 139; 20 An. 302; 35 An. 809; 39 An. 384; R. C. C. 2446; 30 An. 750; 33 An. 534; 34 An. 995; 25 An. 289; 11 R. 244, 55; R. C. C. 3466; 1 An. 331; 2 An. 928; 23 An. 456; 147 U. S. 550.

---

The opinion of the court was delivered by

NICHOLLS, C. J.   The defendant had the unquestionable right to avail himself of the plea of *res judicata* as the successor of the parties to the original suit; he is to be considered as being a party to said suit.   Delabigarre vs. Second Municipality of New Orleans, 3 An. 230.

In the present suit, the plaintiff bases her title to the property on the judgment in her favor in her suit for separation of property.   In that suit the validity of her claim depended upon the existence of her legal mortgage and claim against her husband.   In her suit against Gilbert M. Richardson *et als.*, which was removed to the Federal Court, the issues are identical as in the present one.

The plaintiff is the same; there is the same defendant as the successor of the party defendant; the matter in dispute or the thing claimed is the same, a part of the plantation, the title to which was at issue in that suit, and the cause of action is identical, the title to the property resting upon the judgment of Mrs. Fleitas against her husband, rendered by the District Court of St. Bernard parish.   The court which rendered the decree in the suit of Mrs. Fleitas vs. Richardson *et als.* was one of competent jurisdiction.   There is every essential present to warrant the sustaining of the plea of *res judicata*.

With great earnestness, the plaintiff's counsel contends that the

plea of *res judicata* can not be sustained, because the United States Court had no jurisdiction to annul or pass upon the judgment rendered by the District Court of St. Bernard parish. But it must be understood that Mrs. Fleitas went into the District Court in a petitory action, and her title to the property was based upon a decree under which she purchased the property in controversy. The sole issue, in fact, tendered by her was the validity of that judgment. The defendant had no other course to pursue than to attack it, and preserve both possession and title to the property. The fact that this judgment was, on removal to the United States Court, subject to be attacked, was no bar to the removal of the cause and a divestiture of Federal jurisdiction. In the suit she opened the investigation as to the validity of the judgment, as she distinctly averred that her claim against her husband and her legal mortgage had not been destroyed by her husband's discharge in bankruptcy. Whether it had been placed on the schedule or not, makes no difference in this controversy. The validity of the claim was tendered as an important and vital issue in her suit, and the decree of the United States Court was that it had no existence after the husband's discharge. In her petition urging the validity of the claim, no reference was made to its absence from the schedule surrendered by the husband in bankruptcy. After a final judgment has been rendered on issues tendered by the parties, it is too late in subsequent litigation to supply omissions of evidence and pleas which should have been urged in the first instance.

When the case was transferred to the United States Court it accepted it as it stood on the docket of the court from which it was transferred, and it had jurisdiction to pass upon all the issues raised in the pleadings. The District Court of St. Bernard undoubtedly had the right to pass upon the validity of the judgment upon which the plaintiff rested her title, and the Federal Court had the same jurisdiction. Consolidated Wyoming Gold Mining Company vs. Champion Mining Company, 62 Fed. Rep. 945.

The State court having previously passed upon the same issues will not divest the jurisdiction of the Federal Court. State of South Carolina vs. Port Royal & A. Railway Company, 56 Fed. Rep. 333.

The mortgage of Gilbert M. Richardson stipulated the pact *de non alienando*. It was not required therefore that Mrs. Fleitas should have been made a party to the executory proceedings against her husband. Succession of Adam Thomson, 42 An. 118.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that plaintiff's suit be dismissed. It is further ordered and decreed that there be judgment in favor of the defendant, quieting his possession to the property in controversy, and that there be erased and canceled from the books of the office of the clerk and *ex-officio* Recorder of Mortgages, the sheriff's deed to plaintiff of the two plantations referred to herein, so far as they affect defendant's title, plaintiff to pay all costs.

## ON REHEARING.

MILLER, J. The earnestness of the argument for the rehearing has prompted us to re-examine this case, with the result of confirming our previous conclusions. The judgments of the Circuit Court and of the Supreme Court of the United States, in the suit of the present plaintiff against Gilbert M. Richardson, is, we think, decisive of the controversy, and, irrespective of these decisions, in our view the plaintiff could not sustain her suit.

Mrs. Fleitas was a creditor of her husband for funds received by him. Subsequent to the creation of the debt he obtained a discharge in bankruptcy under the act of Congress. Her debt was secured by mortgage. But the discharge in bankruptcy discharged debt and mortgage. The discharge extinguished the debt, and the mortgage disappeared with it. We think this conclusion must be accepted or fixed jurisprudence denied. Revised Statutes U. S., Sec. 5067. As opposed to this view the plaintiff relies on the decision in 27 An 542, in the case of Heard vs. Patton, which holds that though the personal liability of the debtor is discharged by the bankruptcy, the mortgage subsists, and will attach to the property subsequently acquired by the debtor. This decision supports the contention that the mortgage, the mere accessory, survives the principal debt, an impossibility under the text of the Code, Art. 3285. Of course if the debt is not certain, the discharge will not affect it, because the act refers only to the debts provable. Riggin vs. Magwire, 15 Wall. 549. Mrs. Fleitas' debt was fixed when the discharge was granted. Nor is the discharge less effective because not put on the debtor's schedule. It is enough it was provable, and not fiduciary in its character or due to the United States. See notes of decisions in Bump on Bankruptcy, under Sec. 5119, originally Sec. 5097. United

States vs. Herron, 20 Wall. 251; Rogers vs. Insurance Company, 1 An. 161; Fleitas vs. Richardson, 147 U. S. 550.

*After the discharge the debtor acquired the property involved in this suit and mortgaged it to Richardson. The mortgage was given and accepted on the theory that the mortgage of Mrs. Fleitas was extinguished, and that theory, in our view, was manifestly correct. Thereafter Mrs. Fleitas recovered a judgment in the State court against her husband for the debt and mortgage, in her favor existing when the discharge was granted. Her proposition is that her debt and mortgage, notwithstanding the bankruptcy proceeding and discharge, was paramount to the mortgage of Richardson. Under her judgment she seized, sold and bought at the sheriff's sale the property mortgaged to Richardson, his mortgage then confronting her on the record. She then brought suit against him, averring her title under her mortgage, treating his mortgage as a cloud, alleging it did not affect the property. She prayed relief accordingly, and that Richardson be enjoined from asserting any right under his mortgage. The suit was removed to the Circuit Court, and Richardson also issued a writ of seizure and sale from that court. The decision of the Circuit Court was against Mrs. Fleitas in her suit, and on her appeal from that decision, as well as from the order of seizure and sale, the decision of the Supreme Court of the United States was adverse to her. Thereupon Richardson seized and sold the property under his writ maintained by the Circuit and Supreme Court. Richardson, buying under his writ, sold part of the property to Meraux, the present defendant. This suit is against him by Mrs. Fleitas for the property he holds under the process and sale thereunder of the Circuit Court.

It often happens in the petitory action that both parties claim under judicial sales. Plaintiff claims under the judgment and execution sale of the State court, and defendant under the decision and writ of the Federal Court based on his mortgage. Richardson is no party to plaintiff's judgment, and it is beyond dispute that judgment does not bind him. As to debt and mortgage it is at best *prima facie* evidence against Richardson. 1 Hennen's Digest, 588, No. 2. On the other hand plaintiff is a party to Richardson's judgment and bound by it. But even if Richardson's judgment was not conclusive on the plaintiff, the court, to determine the effect of conflicting judgments when each party relies on judgments against the common

debtor, must look to the basis on which each rests. That on Mrs. Fleitas we find is on a debt and mortgage extinguished by the discharge in bankruptcy. True, the debtor could revive the debt by waiver of his discharge. Bump on Bankruptcy, Sec. 5067. But no waiver or promise would revive the mortgage, least of all to the prejudice of the mortgage given by the debtor subsequent to the discharge. The creditor taking that mortgage acquired his rights under the faith of the extinction declared by law, of all debts and mortgages against the debtor surrendering his property under the bankrupt act. No waiver or promise of the bankrupt to a creditor whose debt was canceled by the surrender could destroy or affect the right of the subsequent mortgage creditor holding under the protection the law confers on those who, subsequent to the discharge in bankruptcy, acquire mortgages on his property. That protection is the extinguishment by law of all debts and mortgages against the debtor at the date of his discharge. Looking then to the basis of Mrs. Fleitas' judgment, on which she asserts title in her petitory suit against defendant, we reach the conclusion it is of no avail against Richardson's title, under which defendant holds, and the protection of which extends to him. Code of Practice, 711, 712, 713; Justice vs. Kerr, 8 An. 462; Delabigarre vs. Municipality, 3 An. 230; Pothier on Sale, 62; 1 Pothier on Obligations, Evans' Edition, p. 588.

We think, too, the exception of *res judicata* should have been sustained. The suit of Mrs. Fleitas against Richardson presented the issue of the effect of her mortgage and judgment in sustaining the title assailed by her under the execution sale. Her allegations were the validity of her debt and mortgage against her husband, and of her title based on that judgment; that the Richardson mortgage had no effect against her and should be erased from the record. The relief she asked was commensurate with these allegations. She specifically prayed that Richardson be forever enjoined from asserting any rights under his mortgage. If the suit had been decided by the State court against her on these issues, there can be no doubt she would have been concluded from assailing the Richardson mortgage and title based on it. On his application the suit was remanded to the Circuit Court. it involved the question of the effect of the Federal Bankrupt Act in respect to the Fleitas debt and mortgage. If extinguished by that act, neither debt or mortgage could affect Richardson, claiming a right under

that act. On that ground the suit was removable. He was a citizen of another State; that furnished another ground for removal. Acts of Congress, 3d of March, 1875; of 3d of March, 1887; of 13th August, 1888; 18 Statutes at Large, 470; 24 Statutes at Large, 552; 25 Statutes, 434; Starin vs. New York, 115 U. S. 248; Germania Company vs. Wisconsin, 119 U. S. 473. There was also the writ of seizure and sale obtained by Richardson from the United States Circuit Court. Thus that court was clothed by the removed suit, and the seizure and sale it decreed, with jurisdiction of the controversy with respect to Mrs. Fleitas' rights under her mortgage judgment and title, and as to Richardson's rights under his mortgage. The jurisdiction was complete as to subject matter and as to the parties. It is supposed the Federal courts could not pass·on any right of Mrs. Fleitas against her husband and his property for restitution of her funds, conferred by the laws of Louisiana. The answer is: The Federal courts are authorized to determine questions of that nature; that is, to determine the question as to any right claimed under the laws of the United States, even where that right is supposed to conflict with State legislation. Next, it is supposed the Federal courts could exert no jurisdiction with respect to Mrs. Fleitas' judgment, because that of a State court. It is claimed her judgment has been annulled, not within the competency of any court, except that which pronounced the judgment. Code of Practice, Art. 608; 1 Hennen's Digest, 746. The judgment has not been annulled. Its effect as to Richardson has been determined. Besides, the jurisdiction to annul judgments conferred by the Code of Practice has no kind of application to the Federal courts deriving their jurisdiction from the Constitution of the United States. Dupuy vs. Bemiss, 2 An. 509; Stockton vs. Stanbrough, 3 An. 390. The mere fact that Mrs. Fleitas' judgment was rendered by the State court, therefore, had no influence on the question of jurisdiction. If the judgment was binding on Richardson the Circuit Could would undoubtedly have so held. But Richardson was no party to it. It was binding on him neither in the Federal or State court, or in any form of controversy. So, too, the Circuit Court had the power to issue the writ of seizure and sale under the Richardson mortgage, he being a citizen of another State, and from that order, as stated, Mrs. Fleitas appealed to the United States Supreme Court. The decision of the Circuit Court in the removed suit being adverse to Mrs. Fleitas,

and carried by appeal to the Supreme Court, that court was clothed with jurisdiction to determine the entire controversy between these parties.    That adjudication is:  That Mrs. Fleitas has no debt or mortgage and that plaintiff's mortgage exists in full force with the right to enforce it.    Fleitas vs. Richardson, 147 U. S. 550-564.    The contention that this adjudication is not expressed by the decree dismissing the bill is a mistake.    Dismissing the bill is a determination of the merits unless made "without prejudice."    Story's Eq. Plead., Sec. —; Durant vs. Essex Company, 7 Wall. 107; Case vs. Beauregard, 101 U. S. 688; City Bank vs. Walden, 1 An. 47.    The defendant in this case, holding under the sale under Richardson's mortgage and writ, is entitled to invoke this final adjudication adverse to the plaintiff in this case, also plaintiff in the suits in the Federal Court, asserting here in effect the same right she failed to uphold in the Federal Court.    There is the identity of the parties and the identity of the cause of action the essentials of the *res judicata*.    We hold the judgment in Fleitas vs. Richardson concludes plaintiff from asserting the demand in this suit.    C. C., Art. 2286; 1 Pothier on Obligations, 537, 538; C. P. 711;  Judice vs. Kerr, 8 An. 462; Williams vs. Close, 12 An. 873.

The contention that defendant acquired title under writ directed against her husband without notice to Mrs. Fleitas has no merit. The mortgage contained the pact *de non alienando*.    As to Richardson, no conveyance by Fleitas or alienation under execution against him could affect the mortgage creditor with the non-alienation clause in his act.    1 Hennen's Digest, 955, No. 1.

The rehearing is refused.