LAND, J.
The relator, as receiver of the defendant company, applied to the judge of the district court for the parish of Jefferson for an injunction restraining the sale of certain real estate, with the buildings, improvements, and machinery thereon, situated in ■said, parish, and belonging to said car company, under executory process sued out in said court by Osear J. Schneidau, on an authentic act of mortgage executed in his favor by the said car company.
The alleged grounds for the injunction were that the civil district court for the parish of Orleans, having appointed the receiver, was seised of jurisdiction of all the property and effects of said car company; that said court had jurisdiction of the person of said Schneidau, who as a creditor of said company was bound by the proceedings in the receivership as a party thereto, and was without authority to invoke the process of the court of another jurisdiction for the enforcement of his rights as a creditor; that the said Schneidau cannot by the use of the process of another court deprive the civil district court of the parish of Orleans of its first acquired jurisdiction over the property; that the sale of the property under executory process will deprive the civil district court for the parish of Orleans of its jurisdiction over the said car company and its property and effects, and will hamper said court in the due administration of the affairs of said corporation, and the distribution of its assets among the creditors, for the reason that the property offered for sale under said ex-ecutory process is the only property belonging to said corporation. Relator alleges that he is without remedy other than through writ of prohibition and certiorari.
The respondent judge has answered that .the property is wholly within the jurisdiction of his court; that the order of seizure and sale was based on an authentic act of mortgage, importing confession of judgment and containing the pact de non alienando; that he refused to grant an injunction as prayed for by the relator in the exercise of his judicial discretion; and that he granted to relator a suspensive appeal from the order of refusal, which appeal was thereafter abandoned by the relator.
[1] The only question that we can consider is that of jurisdiction urged by relhtor as a ground for injunction.
In the recent case of W. W. Carre Co., Limited, v. International Car Co., In re Oscar A. Schneidau, applying for writs of prohibition and certiorari (54 South. 740, ante, p. 205), this court held that the civil district court for the parish of Orleans is without jurisdiction to enjoin at the instance of the receiver of a corporation appointed by it the execution of a writ of seizure and sale issued from the district court for the parish of Jefferson and directed against immovable property of the corporation there situated. Thereupon the relator applied to the district court for the parish of Jefferson for an injunction to arrest its own process as already stated.
There can be no question that said district court had jurisdiction to issue the order of seizure and sale in question under the plain terms of article 736 of the Code of Practice, unless it was deprived of such jurisdiction by the appointment of a receiver by the civil district court for the parish of Orleans. The argument that it was so deprived of juris *667 diction is answered by Act No. 25 of 1902, which, in part, reads as follows:
“That creditors bolding special mortgages containing the pactum de non alienando shall not lose their rights of executory process upon the property of their debtor by reason of the appointment of a receiver, in whose custody and care the property may be for liquidation, but in such cases the right shall continue and be exercised against the receiver, and, when the receiver shall have been appointed after the seizure under executory process, it shall be continued against him.”
This act is but an application of the provisions of Act No. 15 of 1894, relative to ex-ecutory process upon the property of insolvents, to cases where receivers have been appointed. Both acts preserve the right of the mortgagee to proceed in rein.
It is clear from the provisions of these statutes that the appointment of a syndic or receiver does not affect the right of a mortgagee to foreclose by executory process. It had been previously settled that the rights of the mortgagee were not affected by the death of the -mortgagor and the administration of his succession, however represented. Succession of Thompson, 42 La. Ann. 123, 7 South. 477.
-This is the legal consequence of the pact de non alienando, which forbids any subsequent alienation or incumbrance of the property to the prejudice of the rights of the mortgagee.
It would serve no useful purpose to discuss this case from the standpoint of the nonexistence of the Act of 1902. The purpose of the lawmaker in the enactment of that statute was to remove all doubts on the subject by expressly providing that the appointment of a receiver should not affect the creditor’s right of a foreclosure when his mortgage contains the nonalienation pact.
It is therefore ordered that the preliminary writs herein issued be recalled, and that relator’s application be dismissed, with costs.