(72 South. 445)

No. 20616.

SMITH et al. v. SANDERS–LENAHAN LUMBER CO.

(June 30, 1916.)

*(Syllabus by the Court.)*

1. MORTGAGES ⬤⟿494—ACTIONS—JUDGMENT.

In a suit on one of several promissory notes secured by the same mortgage, it is not essential to the validity of the judgment, recognizing the mortgage as securing the note sued on, that it should recognize the mortgage in favor of the holders of the other notes, who are not parties to the suit.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1441–1445; Dec. Dig. ⬤⟿494.]

2. MORTGAGES ⬤⟿575 — FORECLOSURE — EFFECT OF APPEAL.

The receiver of a corporation, acting under orders of court, made an invalid sale of the property of the corporation. The adjudicatee refused to comply with his bid. A creditor of the corporation brought suit against the receiver and the adjudicatee to prevent a confirmation of the sale. Judgment was rendered confirming the sale, and the creditor took a suspensive appeal from the judgment, which resulted in a reversal of the judgment and a decree of nullity of the sale. While the suspensive appeal was pending, a mortgage creditor, treating the adjudication as a nullity, seized and sold the property. *Held:* The judgment on which execution issued at the instance of the mortgage creditor was not suspended by the appeal, and the sale made thereunder was valid.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1652; Dec. Dig. ⬤⟿575.]

3. JUDGMENT ⬤⟿844—EFFECT OF TRANSFER—SUBROGATION.

The transfer of a judgment rendered on a mortgage note subrogates the transferee to the mortgage security recognized in the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1541–1546; Dec. Dig. ⬤⟿844.]

4. MORTGAGES ⬤⟿529(5)—SALE—PRELIMINARY PROCEEDINGS—RETURN OF WRIT.

Although the law requires that the sheriff, having levied a seizure on a writ of fieri facias

and being unable to make the sale before the return day of the writ, shall return the writ to the clerk's office, retaining a certified copy, and proceed as though the original writ remained in his hands, his failure to return the original writ to the clerk's office before the return day is not a cause for annulling a sale made under authority of the certified copy that was made by him before the return day.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1537; Dec. Dig. ⬅︎529(5).]

Appeal from Twelfth Judicial District Court, Parish of Vernon; C. Evans Hardin, Judge ad hoc.

Action by C. L. Smith and others against the Sanders-Lenahan Lumber Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

Sidney I. Foster, of Shreveport, for appellants. Monk & O'Neal, of Leesville, for appellee.

O'NIELL, J. The plaintiffs appeal from a judgment rejecting their demand to have a judicial sale of certain real estate to the defendant decreed null. The property was sold by the coroner, acting sheriff, by virtue of a writ of fieri facias on a judgment rendered in a suit entitled Bank of Leesville v. Powell Bros. & Sanders Co., Limited, et al., for $10,000, and interest and attorney's fees. The judgment was rendered on two promissory notes of $5,000 each, secured by mortgage on the property. The plaintiffs are the holders of other notes secured by the same mortgage and of equal rank with the notes on which the judgment was rendered in favor of the Bank of Leesville.

[1] The plaintiffs' first complaint is that the judgment in favor of the Bank of Leesville, on which the writ of fieri facias issued, recognized the mortgage as securing only the two notes held by the plaintiff in that suit, and did not mention the other notes secured by the same mortgage. In their brief, counsel for the plaintiffs concede that it was not necessary that they, as holders of the outstanding mortgage notes, should have been made parties to the suit of the bank against Powell Bros. & Sanders. They contend that, as the mortgage securing all the notes was indivisible in its nature, the judgment should have recognized the mortgage in favor of the holders of all of the notes. We find no merit whatever in the contention. The bank, in its petition, described the act of mortgage and all of the notes secured thereby, and admitted that all of the notes were outstanding and unpaid. The judgment was rendered with reference to the petition, and it was not necessary to render any decree in favor of mortgagees who were not parties to the suit. They had their remedy by way of third opposition if they did not see fit to bring suit on their notes. See Howard v. Schmidt, 29 La. Ann. 129; Soniat v. Miles, 32 La. Ann. 164; Levy v. Lake, Sheriff, et al., 43 La. Ann. 1034, 10 South. 375; Armor, Ex'r v. Downes, 2 La. Ann. 242; City Bank v. McIntyre, 8 Rob. 467; Ledoux v. Jamieson, 18 La. Ann. 130; Bienvenu v. Factors' & Traders' Ins. Co., 33 La. Ann. 209. The certificate of the mortgage securing the notes in favor of the present plaintiffs and the Bank of Leesville was read by the coroner, acting sheriff, to the bystanders when he offered the property for sale at public auction. He apportioned the proceeds of the sale according to the act of mortgage and tendered to the plaintiffs their proportion. We find no error in the proceedings in that respect.

[2] The plaintiffs' second complaint is that the seizure was made while execution of the judgment in favor of the Bank of Leesville was suspended by an appeal to this court. It appears that all of the property of Powell Brothers & Sanders Co., Limited, was advertised for sale by the receiver of that corporation and was adjudicated to James R. Monk, claiming to act as trustee for other parties, on the 26th of February, 1910. The Bank of Leesville had filed a third opposition, and had the mortgaged property appraised and sold separately. Monk refused

to comply with his bid, because the property was not sold free from mortgages. One of the plaintiffs in the present suit filed an opposition to the confirmation of the sale to Monk. Judgment was rendered in the district court, confirming the sale and requiring Monk to take title and comply with his bid. C. L. Smith appealed suspensively from that judgment to this court. While the appeal was pending, the Bank of Leesville (or W. J. Sanders, transferee and subrogee of the bank's judgment), treating the sale to Monk as an absolute nullity, caused a writ of fieri facias to issue on the judgment in favor of the bank, and had the property in question seized and sold. Thereafter, judgment was rendered by this court on the appeal of C. L. Smith, reversing the judgment of the district court and declaring the adjudication to Monk null. See First National Bank v. Powell Bros. & Sanders Co., Ltd., 128 La. 961, 55 South. 590. If the judgment of this court, on the appeal of C. L. Smith, had affirmed the judgment of the district court, confirming the sale to Monk, a different situation would be presented. But the sale to Monk was, for the reasons set forth in the opinion rendered, decreed null. C. L. Smith, one of the plaintiffs in the present suit, contended that it was null; so did the adjudicatee, Monk; and so was it finally held. The appeal of C. L. Smith was not an appeal from the judgment in favor of the Bank of Leesville and did not suspend its execution.

[3] The plaintiffs' third contention is that W. J. Sanders was not subrogated to the mortgage when he acquired the judgment from the Bank of Leesville, and that therefore the writ of fieri facias issued at his instance, as subrogee, was invalid. Counsel for the plaintiffs says in his brief that this proposition is somewhat out of place in the present suit, but that it might have some bearing on the distribution of the proceeds of the sale. It is admitted in the plaintiffs'

petition that the judgment was transferred by the bank to W. J. Sanders; hence there is no merit whatever in the contention that subrogation to the mortgage recognized in the judgment did not take place.

[4] The fourth contention made by the plaintiffs is that the writ of fieri facias had expired, because the sale was made after the return day of the writ. The record discloses that, two days before the return day of the writ, a copy was made and certified and retained by the coroner, acting sheriff, and it is recited on the return of the writ that the original was returned to the clerk's office before the return day. Article 642 of the Code of Practice provides that, in other parishes than the parish of Orleans, when a seizure is made on a writ of fieri facias and the officer making the seizure is unable to make the sale before the return day of the writ, that is, before 70 days have expired, he shall make a return of his writ, retaining a copy certified by him, and proceed under the certified copy as though the original writ remained in his hands. Precisely the same question that is raised by the plaintiffs in this suit was decided contrary to their contention in the case of Briant v. Hebert, 30 La. Ann. 1137. Under the circumstances shown in this case, where the sheriff made and certified and retained a copy of the writ of fieri facias but failed to return the original writ to the clerk's office before the return day, it was held that the sale made under the certified copy of the writ was valid. Although the law made it the duty of the sheriff, or of the coroner acting as sheriff, to return the original writ when he made the certified copy, there is no good reason why his failure to return the original writ to the clerk's office before the return day should render invalid a sale made by virtue of the certified copy retained by the officer. At any rate, no reason is suggested for overruling the decision in Briant v. Hebert, su-

pra, and we affirm the doctrine announced there.

The plaintiffs contend that the sale is invalid because the coroner, acting sheriff, failed to sign the return indorsed on the back of the notice of seizure, stating that it was served upon the defendants. The coroner testified, without any objection on the part of the plaintiffs' counsel, that he served the notice of seizure on the defendants, as recited in the return. It is also recited in the deed to the defendant company that the property was advertised for sale after the legal delays had expired from the date on which the notice of seizure was served. Hence the coroner's failure to sign the return indorsed on the notice of seizure was of no consequence.

The plaintiffs' sixth and final contention is that the sale was made for such an insignificant price that it amounted to confiscation. The sale was made for $2,000, exactly two-thirds of the appraised value, of the property. It is not contended that the appraisement was unfair or fraudulent. In his brief, the plaintiffs' attorney, in effect, concedes that his allegation regarding the price of the adjudication does not set forth a cause for annulling the sale; and we agree with him.

The judgment appealed from is affirmed at the cost of the appellant.