(77 South. 490)

No. 22723.

ABBOTT v. FONTENOT, Sheriff, et al.

(Jan. 3, 1918.)

*(Syllabus by the Court.)*

1. MORTGAGES ☞413 — FORECLOSURE — PARTIES—OPPOSITION—ALLEGATION AND PROOF.

In a foreclosure proceeding on a note secured by mortgage containing the "pact de non alienando," carried on solely and contradictorily against the maker of the note, it does not follow that the said maker, for having sold the property and divested himself entirely of his ownership therein, has no interest in opposing such foreclosure; but when the maker of the note does oppose and enjoin such foreclosure, he must allege and prove a real, threatened, and impending injury to his legal rights. The mere fact that he may be eventually held personally liable for the deficiency, in case the proceeds of sale are insufficient to satisfy the full payment of the note in principal, interest, attorney's fees, and costs, will not justify such opposition and injunction.

2. MORTGAGES ☞415(1) — FORECLOSURE — PREMATURE OPPOSITION.

Where the defendant maker of a note secured by mortgage containing the "pact de non alienando" opposes a foreclosure against the mortgaged property of which he is no longer the owner, on the ground that said note has been extinguished by payment or otherwise, his right of action, if any, to have himself decreed as not personally liable for the payment of the deficiency in case said note is not satisfied by the sale of the property, is held to be exercised prematurely and his opposition will be dismissed.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action for injunction by Miron Abbott against Louis Fontenot, Sheriff, and others. Judgment for defendants dismissing the opposition and dissolving the injunction, and plaintiff appeals. Affirmed.

Claiborne, Claiborne & Claiborne, of New Roads, and Philip S. Pugh, of Crowley, for appellant. Smith & Carmouche, of Crowley, for appellees.

LECHE, J. John M. Marsh, holder of two promissory notes secured by mortgage on a certain tract of land situated in the parish of Acadia, instituted executory process on said notes and was about to have the mortgaged property sold, when he and the sheriff were enjoined from further proceeding in the execution of said process.

The notes sued on, each for the sum of $7,500, were made and signed October 15, 1903, by Miron Abbott, Celathial Abbott, Martin D. Abbott, Abbott Bros. Canal & Improvement Company, Miron Abbott, president, Celathial Abbott, vice president, and Martin D. Abbott, secretary, payable respectively on January 1, 1913, and January 1, 1914, at the Whitney National Bank in New Orleans, to the order of Caldwell & Smith, and are identified with an act of mortgage of date October 17, 1903, duly recorded October 23, 1903.

These notes are two of a series of 21 notes amounting altogether to the sum of $75,000, all of which were secured by mortgage on a large amount of property, belonging to the mortgagors and situated in the parish of Acadia, and of which the property seized in the aforementioned executory proceeding only forms a part and portion.

The foreclosure proceedings were instituted by John M. Marsh on January 24, 1917, and were carried on against Miron Abbott, one of the makers of the notes, who on April 27, 1917, arrested the said foreclosure by obtaining an injunction without bond.

The alleged grounds for injunction are substantially:

(1) That he never was served with notice to appoint appraisers.

(2) In the alternative, that said foreclosure was premature for the reason that by notarial act on July 29, 1911, recorded August 4, 1911, the plaintiff in injunction had entered into an agreement with the Alliance Trust Company, Limited, then holders of the notes sued on, whereby payment of the original indebtedness, amounting at that time to $30,000, was extended to January 1, 1918, January 1, 1919, and January 1, 1920, and the notes sued on being the only remaining and unpaid part of said indebtedness, were not yet due.

(3) That the notes sued on being payable to Caldwell & Smith, there was no authentic evidence of their transfer to John M. Marsh, before the judge when he issued the order for executory process.

(4) In the alternative and under reservation, that said notes were extinguished by confusion.

(5) In the alternative and under reservation, that at the time the mortgage in suit was given the property belonged to plaintiff in injunction Miron Abbott, individually, and therefore said mortgage is null and the seizure illegal.

(6) In the alternative and under reserva-tion, that plaintiff Miron Abbott, acted as a surety for Abbott Bros. Canal & Improvement Company, and as payment of the mortgage was extended without plaintiff's consent and the mortgage subsequently released as against the said Abbott Bros. Canal & Improvement Company, plaintiff was discharged.

To this opposition and injunction, granted on April 27, 1917, by the judge without bond, as aforesaid, the plaintiff in executory process, John M. Marsh, ruled the said Miron Abbott to show cause why said injunction should not be dissolved on the grounds: (1) That no bond was given, and (2) in the alternative and under reservation, that the allegations upon which said injunction was issued are false and untrue.

Subsequently, plaintiff Marsh filed an exception of want of interest and no cause or right of action.

After due trial and hearing, the district court dismissed Abbott's opposition and dissolved the injunction, reserving Marsh's right to sue for damages, and the present appeal was taken by Abbott.

The evidence adduced in the trial of the case shows and the admissions are made that Miron Abbott, whom we shall hereafter designate as opponent, did receive a timely notice to appoint an appraiser. This disposes of that alleged ground of opposition. It further appears that, at the time of the issuance of executory process, Abbott had parted with the ownership of the property under seizure. He admits that if Marsh should lose this suit, he (Abbott) individually, would recover nothing and that he, individually, no longer had any interest in the property.

[1] It has often been held by this court that where an act of mortgage contains the "pact de non alienando," the holder of a note secured by that mortgage may ignore any transfer of the property by the mortgagor and may proceed against him alone and contra-

dictorily. Bienvenu v. Factors' & Traders' Insurance Co., 33 La. Ann. 218; Levy v. Lake, Sheriff, 43 La. Ann. 1034, 10 South. 375; Gay v. Hebert, 44 La. Ann. 302, 10 South. 775; Truxillo v. Delaune, 47 La. Ann. 10, 16 South. 642; Fleitas v. Meraux, 47 La. Ann. 232, 16 South. 848; Huber v. Jennings-Haywood, 111 La. 758, 35 South. 889; Carre Co. v. International Car Co., 128 La. 667, 55 South. 9.

[2] If then plaintiff Marsh acting in this case as holder of a mortgage note, under the "pact de non alienando," has the legal right to proceed against opponent Abbott alone, and therefore to make him a defendant, it would seem anomalous to say that Abbott had no interest in opposing the executory process, or in other words to say that one may be summoned into a court of justice to defend a suit, and yet that he has no interest in the matter at issue and therefore no right to defend. It may well be and it is a fact that such a defendant has an interest in safeguarding himself against any liability as warrantor of his transferee's title to the property, and also in extinguishing his personal liability on the note in foreclosure.

In considering, therefore, the exception of want of interest and no right of action pleaded by plaintiff Marsh, the eventual liability of opponent Abbott, as warrantor of the title of the property under seizure, and his eventual personal liability on the notes in suit in case the proceeds of sale of the property should not be sufficient to satisfy the same, must be taken into account.

It appears by an act before Terwilleger, notary public, passed on April 15, 1912, that opponent sold the property under seizure to the Crowley Rice Milling Company, Limited, and in said act of sale it is stipulated that the purchasers are buying the said property subject to the special mortgage upon which plaintiff has obtained the present order for executory process. Therefore there can arise no liability on the part of opponent, as warrantor, in so far as the present foreclosure may affect the right and title of his transferee. Wherefore, and because of the additional fact that opponent fails to allege in his opposition any reason for which he might eventually be held liable as warrantor in case said foreclosure is consummated, we are of the opinion that his opposition fails to show any interest on his part, as warrantor, in arresting the present executory process. It would seem on the contrary that he is interested in seeing that the sale take place at an early date and for a sufficient consideration to absolve him from personal liability on the notes in suit.

Abbott's eventual personal liability on these notes will depend upon the amount which will be realized when the property is sold. If the price should exceed the aggregate of principal, interest, and attorney's fees represented by the notes, as well as the costs of the foreclosure proceedings, then he will owe nothing.

While it may be true that one has a right of action to have declared as satisfied an outstanding obligation upon which no attempt has yet been made to hold him liable, a matter upon which it is unnecessary to express any opinion, yet considering that plaintiff is seeking to satisfy said obligation from sources which do not concern opponent, and that if it is so satisfied, a result most likely to follow in this case, opponent will be released from all responsibility thereunder and spared futile litigation, it will be time enough for him to exercise his right of action, if any, after the present foreclosure is executed and terminated.

For these reasons we believe, opponent Miron Abbott having failed to allege or show any real interest sufficient to justify his opposition to the executory proceedings taken out

by John M. Marsh, that his said opposition should be dismissed and the injunction obtained by him dissolved.

It is therefore ordered that the judgment appealed from be affirmed.